## OLIVER *vs.* JERNIGAN.

46   41
93   242

46   41
121   213

[BILL IN EQUITY BY TENANT IN COMMON AGAINST HIS CO-TENANT FOR SALE OF LANDS FOR PARTITION.]

1. *Chancery. court of; what sale has no jurisdiction to decree.*—In this State, the court of chancery has no jurisdiction to decree the sale of the lands of a tenant in common, who is of full age, without his consent, for the purpose of partition, because the same can not be equitably divided.

2. *Tenant in common of full age, lands of; when can not be exactly divided, what allotment may be made.*—If the lands of tenants in common of full age are not susceptible of an exact division, an allotment may be made in unequal shares, with compensation for the inequality, by creating a rent or charge upon the land; or, if the land allotted to one exceeds in value that allotted to the other, the court may compel the former to make compensation to the latter, for equality of compensation.

3. *Same; rules as to partition of lands, title of which is in dispute, to what applies.*—The general rule, that partition will not be decreed in equity where the title is in dispute, applies to a legal and not to an equitable title; and if, on a bill for partition, the defendant wishes to avail himself of an equitable defense, as, for instance, a defense arising out of a contract for purchase, &c., he must file a cross bill, or, under our system, he may set it up in his answer in the nature of a cross bill, and pray such relief as he may believe he is entitled to.

4. *Partition, &c, bill for; when decree for rent, &c., may be rendered on.*—On a bill for partition, where one of the tenants in common has been in the exclusive possession and enjoyment of the joint property, the chancellor, in a proper case, may decree an account for occupation, rent, &c.

APPEAL from Chancery Court of Bullock.
Heard before Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

RICE, CHILTON & JONES, for appellant.

SEALS, WOOD & ROQUEMORE, and NORMAN & WILSON, *contra.*

PECK, C. J.—The appellee filed his bill in the court below against the appellant, for the partition and sale of the lands described in the bill of complaint, upon the

4

ground that the said lands could not be equitably partitioned or divided without a sale.

The bill states that plaintiff and defendant were tenants in common, each being entitled to an equal undivided half interest in the same as tenants in fee simple.

That on or about the first day of January, 1868, the defendant, by a verbal agreement, purchased plaintiff's interest in said lands. That by said agreement defendant was to pay plaintiff two hundred and seventy-five dollars, one-half in cash, and the other half on the first day of January, 1869; that under said purchase, defendant went into the possession of said lands, and cultivated them in the year 1863; that plaintiff, hoping and believing that defendant would substantially comply with his agreement, allowed defendant to take the exclusive control and possession of said lands during that year; that plaintiff had been always willing to abide by said contract for the sale of said lands, and had often called on and requested said defendant to perform his part of said agreement, but that defendant had refused to perform his part of said agreement. Plaintiff further states that the annual rent of said lands was worth one hundred and fifty dollars; that defendant had refused to account to plaintiff for the year 1868, although plaintiff had often demanded the same of defendant. The bill further states, that the joint tenancy of said lands by plaintiff and defendant was attended with serious inconvenience to both plaintiff and defendant, and that said lands could not be equitably partitioned or divided without a sale.

The bill prays an account for the rent, &c., and that defendant be decreed to pay the same to plaintiff, when ascertained; and then prays for a sale of said lands, for the purpose of partition between the parties, as should seem equitable and just, and for general relief, &c.

The answer of defendant on oath is waived.

Defendant answered the bill, and admitted the tenancy in common, and the verbal agreement for the purchase of the land, as stated in the bill, and his possession of the land under said agreement, &c., and denied all the other

allegations of the bill, and demurred to the same for want of equity.

Testimony was taken by plaintiff, and the case was submitted for a final hearing on the bill, answer, exhibit and proofs.

No notice seems to have been taken of the demurrer.

The chancellor decreed that the plaintiff was entitled to the relief prayed; that the plaintiff and defendant were tenants in common; that the lands could not be equitably partitioned; and, thereupon, decreed that the same should be sold, and directed an account to be taken as to the rent of the lands, &c.

The decree for the sale of the lands in this case must be reversed, on the authority of the case of *Deloney et al. v Walker et al*, (9 Porter, 497.) On page 503 of said case the court say: "We can not suppose a case in which the lands of an adult can be sold by the decree of the chancellor, to make partition, without his consent." In this State, therefore, a court of chancery has no power to decree a sale of lands for partition, because they can not be equitably divided.

If the lands of tenants in common, of full age, are not susceptible of an exact division, an allotment may be made in unequal shares, with compensation for the inequality, by creating a rent or charge upon the land; or, if the land allotted to one tenant in common exceeds in value that allotted to the other, the court may compel the former to make compensation to the latter, for equality of partition.

The mode in which partition is effected in equity, may be seen in Adams' Equity, pages 552–3–4.

In the present frame of the complainant's bill, he is not entitled to simple partition. He should have stated and charged, that the verbal agreement of the defendant to purchase his undivided interest was void by the statute of frauds, and that there had been no such part performance as, under par. 6 of section 1862 of the Revised Code, would relieve it from the influence of that section.

The general rule, that partition will not be decreed in equity where the title is in dispute, applies only to a legal

title.—Adams' Eq. 5₁9, note 1. If, on a bill for partition, the defendant wishes to avail himself of an equitable defense, as, for instance, a defense arising under a contract for purchase, he should, to entitle himself to his defense, file a cross bill ; or, under our system, set it up in his answer in the nature of a cross bill, with a prayer for such relief as he may claim to be entitled to.—*Donnell et al. v. Mateer et al.*, 7 Iredell's Eq. R. 94. The verbal agreement for the purchase of the plaintiff's undivided interest, &c., is not a legal title ; it is a mere equity at best.—*1b.*

If, on the hearing, the chancellor shall be of the opinion that said verbal agreement entitles the defendant to relief, and to have the same specifically executed, then he should decree accordingly, and dismiss the plaintiff's bill for partition ; but if, on the other hand, he shall be of the opinion that the said verbal agreement is void, then he should dismiss the cross bill, and proceed to decree partition, &c.

In addition to the decree for partition, if partition is decreed, the court may, if the case is a proper one for that purpose, proceed to decree an account for occupation, rent, &c.—Adams' Eq. 534–5.

The decree of the chancellor is reversed, and the cause is remanded for further proceedings, in conformity to this opinion. The appellee will pay the costs.