NATHANIEL WILSON *vs.* EUROPEAN & No. AMERICAN R. R. Co.

*Partition. R. S., c. 88, § 17.*

On a petition for partition the law does not authorize the commissioners to set off to one of the land owners, against his will, more than his proportionate share of the land, and require him to pay the difference in value in money to the other owners.

ON EXCEPTIONS.

PETITION FOR PARTITION of a parcel of land owned in common by the parties, one-third by the plaintiff and two-thirds by the defendants. The commissioners awarded one portion of the estate to the defendants and another portion to the plaintiff and that the former also pay the latter $400 in money. When the plaintiff offered the report for acceptance the defendants filed written objections which were overruled and its acceptance ordered; to which order the defendants excepted.

Wilson *v.* E. & N. A. R. R. Co.

*Charles P. Stetson,* for the defendants.

We could not be compelled to buy land we did not want against our will. *Codman v. Tinkham,* 15 Pick., 364.

*N. Wilson pro se. Hanson v. Willard,* 12 Mass., 142 ; *Codman v. Tinkham,* 15 Pick., 364 ; *Wood v. Little,* 35 Maine, 107.

WALTON, J. The question is whether, in proceedings under a petition for partition, one of the part owners can be compelled, against his will, to take more than his share of the estate, and pay for the excess to another owner who has less than his share. The question is not whether he may be allowed to do so, if he is willing, but whether he can be compelled to do so, whether he is willing or not. The statute relied upon in support of such an authority is as follows :

"When any parcel of the estate to be divided is of greater value than either party's share, and cannot be divided without great inconvenience, it may be assigned to one party by his paying the sum of money awarded to the parties who have less than their share ; but the report shall not be accepted, until the sums so awarded are paid or secured to the satisfaction of the parties entitled thereto." R. S., c. 88, § 17.

It will be noticed that the language of this section is permissive, not mandatory. "May be assigned," not "shall be." "By his paying." Here a condition is imposed, but the language employed does not imply that its performance is to be forced. On the contrary the next sentence seems to negative such an inference. It declares precisely what the result of a non-payment shall be. The party to whom the larger share was allotted shall not have it. "Until the sums so awarded are paid or secured to the satisfaction of the parties entitled thereto, the report shall not be accepted." *Expressio unius, exclusio alterius est.* Having declared expressly what the consequences of a non-performance of the condition shall be, all others are impliedly excluded. No authority is given to the court to enter judgment for the amount. Certainly no such au-

thority is given in express terms. If it exists, it exists by implication alone. And we think it is a power too arbitrary, too much in conflict with the dictates of natural justice, to be established by implication, unless the implication is clear and irresistible. In effect it compels a party to buy what he does not want, and to pay a price which he has no voice in fixing. Certainly such a power is not to be assumed upon slight grounds. The argument *ab inconvenienti* cannot be urged in its favor; for it does not follow that because one of the part owners cannot be compelled to take and pay for more than his share, therefore the estate must remain undivided or be so divided as greatly to impair its value. By process in equity the whole may be sold for the most that can be obtained for it, and the proceeds divided among the owners. Such is the usual course in England, and in most of the states in this country. *Wood v. Little,* 35 Maine, 111; 1 Story's Eq. Jur., c. 14. And this court now has equity jurisdiction in such cases. R. S., c. 77, § 5, cl. 6.

Our conclusion is that one part owner of real estate cannot be compelled against his will to take more than his share of the estate, and to pay for the excess to the other part owners who have less than their share. He may do so, if he is willing; but the law will not compel him to do so, against his will. We think the meaning of the statute is that where the estate cannot be divided without great inconvenience, it may be assigned to any one of the part owners, who will accept it, and pay the price awarded by the commissioners. Such is the exact language of the statute authorizing proceedings for partition in the probate court; and we cannot doubt that in this particular the two statutes were intended to be in harmony, and that they do in fact mean the same thing. R. S., c. 65, § 12; c. 88, § 17.

The result is that if the respondents do not finally conclude to take the portion allotted them, and pay the sum awarded the petitioner to make the division equal, the report of the commissioners must be rejected and a new partition ordered. If neither party will consent to take more than his share, and to pay for the excess

to the other, then the division must be equal. The right of either owner to have a partition in some form is unquestionable.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.