REBECCA A. CHEATHAM v. JAMES A. CREWS and others.

*Division of Land—Compensation for Deficiency.*

1. A testator directed that his land (more than 1,000 acres) should be divided equally among his children, by three disinterested men, to be chosen by his executors to make such allotment. In the division a mistake occurred, whereby one of the children received about forty acres less than her proper share. The parties went into possession of their respective portions, several conveyances among the children were made of the lots falling to their share, and one of them had contracted in writing to convey to a stranger. Valuable improvements had also been placed on several of the lots, under the supposition that the division was fair and regular ;

*Held*, that the party receiving less than her full share was not entitled, upon discovering the deficiency, to demand a re-allotment of the land, but must content herself with pecuniary compensation for her loss.

(*Kitchen* v. *Herring*, 7 Ired. Eq.. 190, cited and distinguished.)

CIVIL ACTION tried at Spring Term, 1880, of Granville Superior Court, before *Seymour, J.*

James Crews died in the year 1875 seized and possessed of land containing more than one thousand acres in area, which in the second clause of his will he devises in these words: " 2nd. I direct that all my land shall be divided into eight tracts of equal size and value by three disinterested men, selected by my executors hereinafter named, and distributed by ballot as follows: One share to my son James A. Crews; one share to my son Elijah T. Crews; one share to my son Edward N. Crews; one share to my daughter Rebecca A. Cheatham, widow of James Cheatham, deceased; one share to my daughter Martha M. Hunt, wife of Joseph P. Hunt; one share to my daughter Isabella J. Hicks, wife of Benjamin W. Hicks; one share to my daughter Susan C. Hunt, wife of George W. Hunt, and one share to my daughter Malissa F. Hester, wife of William S. Hester."

In another clause he distributes the proceeds of his per-

sonal estate into nine equal parts, giving one to the children of a deceased daughter and the others to his living children, the devisees aforesaid, and directing any irregularity in the value of the shares of the land to be made up and corrected in the apportionment of the personal estate.

The executors upon their qualification proceeded to appoint the three persons, as required by the testator, to make the partition and valuation of the land. The land was accordingly surveyed and divided and the shares assigned to each by lot, and report thereof returned to the clerk of the superior court of Granville and duly recorded in the book of settlements kept in his office. In the division, lot No. 2 drawn by the plaintiff and valued at eight hundred and thirty-eight dollars and fifty cents purports and was supposed to contain one hundred and twenty-nine acres, while in fact there was a deficiency of about forty acres, as determined by a subsequent and more accurate survey. The personal estate was also distributed, the plaintiff, as well as the others, receiving their shares upon the basis of the valuation of their respective tracts, assigned in the division of the land. After the filing of the report, the devisees entered into possession of their several shares and some transfers were made prior to the discovery of the deficiency in quantity of the lot belonging to the plaintiff.

The said George W. Hunt and wife Susan C., on October 30th, 1875, for the consideration of one thousand and seventy-six dollars, sold and conveyed their lot No. 1, containing one hundred and twenty-nine acres and valued at eight hundred and thirty-eight dollars and fifty cents, to the devisee Edward N. Crews and he for full value on November 4th following sold and conveyed the same to the said William S. Hester, husband of the devisee Malissa F. In like manner Joseph P. Hunt and wife Martha M., for full value, to wit, one thousand two hundred and eighty-four dollars and seventy-five cents, sold and conveyed her lot,

No. 6, containing one hundred and forty-two and three-fourths acres and valued at eight hundred and fifty-six dollars and fifty cents, to the said Edward N. Crews. The defendant James A. Crews has contracted with one Nathan Hammie, a stranger to the proceeding, to convey his lot, No. 5, containing one hundred and twenty-nine acres, valued at four hundred and fifty-one dollars and fifty cents, and having received four hundred and thirty-nine dollars, has executed a bond for making title on payment of the residue of the purchase money. Two of the defendants assert that they have made improvements on their lots and other changes have taken place among the owners, not needful to be specified. These transactions and dealings were in good faith and in full confidence that all acquiesced in the action of those who divided the land. The partition assigns six shares which contain each one hundred and twenty-nine acres; and of the two others, one has one hundred and forty-two and three-fourths and the other one hundred and thirty-one and a half acres, indicating an intent to carry out the instructions of the testator as nearly as the condition of the land would admit and without reference to the value of the parts.

The plaintiff discovering the error against herself instituted this suit in February, 1879, and demands its correction by a new survey and division, which shall make up her deficiency and give her an equal quantity of land with the others. The defendants submit to be charged with an assessment in money sufficient to make the plaintiff equal, but deny her right to disturb what has been done.

The court finds that a re-division for the correction of the mistake cannot now be made without great and obvious inconvenience and wrong and injury to others in interest, equally innocent, and adjudge the plaintiff not to be entitled to the specific relief demanded, but to a pecuniary compensation for the deficiency in her lot. Thereupon it was.

ordered " that it be referred to the clerk to enquire and ascertain as near as may be " the number of acres in the whole tract and in lot No. 2, according to its marked boundaries, and further what sum would be an adequate remuneration to the plaintiff for her loss, calling in the aid of a surveyer if necessary, and to make report at the next term. From this judgment the plaintiff appeals.

Messrs. Merrimon, Fuller & Fuller, for plaintiff.
Messrs. M. V. Lanier, J. B. Batchelor and L. C. Edwards, for defendants.

SMITH, C. J., after stating the case. We think there is no error in the ruling of the court and in the measure of the relief accorded to the plaintiff. The interpretation put upon the will by her counsel that it requires a division into parts of equal area and an adjustment of values in the distribution of the personalty may be conceded to be correct, and it is manifest that the commissioners proceeded upon this understanding of the testator's directions. From the conformation, condition and situation of the land, a literal compliance with the directions may have been and we must assume in their opinion was impracticable without serious injury to the shares and not strictly in contemplation of the testator who imposes the duty and confides much to the discretion of the appointees. We must in fairness ascribe the slight deviation in their action to these considerations. This may be inferred also from the acquiescence of the devisees in what was done with full knowledge of the excess allowed two of the shares, their several occupations, and the acceptance of the sums paid in the apportionment by the executors. The court declares as a fact found upon the evidence, that a disruption of the division and an allotment de novo would be a wrong and injury to the defendants, and we are unable to see how any rectifica-

tion short of this will attain the object. We do not think the plaintiff has any equity to call upon the court to do this, and especially when she can have ample compensation for her loss in land from a pecuniary assessment upon the owners of the other shares.

No authority was cited to aid us in the investigation except the case of *Kitchen* v. *Herring,* 7 Ired. Eq., 190, which was for a specific performance of an agreement to convey land and has no bearing upon the question. Here, there is no contract at all and the parties derive title under a will to land which has been divided and alloted by persons appointed according to its requirements, and the suit is for the rectification of an unintentional error committed by them. The plaintiff's equity grows out of the relations of the parties as the beneficiaries of a common estate and will be enforced under a proper regard to the interests of all. Full and adequate compensation can be had in money without disturbing the assignment of shares and the interests therein which have since vested and this relief the judgment of the court awards.

There is no error. This will be certified to the court below.

No error. Affirmed.