REBECCA A. CHEATHAM v. JAMES A. CREWS and others.

*Tenants in Common.*

In partition of land, equality must be had by compensation in money for the deficiency, according to the value of the land at the time of division. The right to such compensation arises out of an implied warranty attaching to each share from all the others.

(*Nixon* v. *Lindsay*, 2 Jones' Eq., 230, cited and approved).

CIVIL ACTION tried, upon exceptions to a referee's report, at Fall Term, 1882, of GRANVILLE Superior Court, before *Shipp, J.* Plaintiff appealed.

*Messrs. Merrimon & Fuller*, for plaintiff.
*Mr. J. B. Batchelor*, for defendants.

SMITH, C. J.  In dividing the lands devised by James Crews to his eight children in the manner pointed out in the will, the, plaintiff was awarded a share, lot No. 2, then supposed to contain 129 acres, and at a valuation by the acre amounting to the aggregate sum of $838.50. Some four years later, it was discovered that there was a mistake in the estimated number of acres, there being only 78½ acres in the lot and a deficiency of 50½ acres.

To correct this error and restore equality in the partition, the plaintiff instituted this action; and when the case was before us on a former appeal (83 N. C., 313), it was declared that the apportionment must stand, and that the plaintiff was entitled to compensation in money for the value of the deficiency in the estimated area of her part.

The present appeal, from a ruling of the court sustaining the defendants' exception to the referee's report, in which the sum to be contributed for equality in the division is estimated upon the basis of the present value of the land, brings up for decision

the question whether the land is to be valued as of the date of the partition, or at the period when the estimate is made by the referee. Upon the former basis, the sum to be contributed, as ascertained by the court, will be $328,25; upon the latter, in consequence of appreciation in value, it will be increased to $750.

We were referred to no adjudicated cases bearing upon the point, in the argument of counsel, and our own researches have been alike fruitless. ·

The cases which have come under our observation recognize fully the right of a tenant in partition, whose share in part is found to consist of property not held in common, to seek redress for his loss in compensation obtained from the others, as in *Dacre* v. *Gorges*, 2 Sim. and Stu., 453; or in case of eviction from a portion by one having a superior title. *Sawyer* v. *Cator*, 8 Hump., 256; *Ross* v. *Armstrong*, 25 Texas, 372; Freeman on Co. and Part., § 533.

The right to compensation seems to be put upon the ground of an implied warranty attaching to each share from all the others.

In *Nixon* v. *Lindsay*, 2 Jones' Eq., 230, a partition of shares was made among the tenants in common by commissioners acting under a decree of the county court, and their report was confirmed. In the division were allotted to the plaintiff two slaves, one of whom, valued at $400, was then sick, but the disease was supposed to be temporary and not affecting her value. But it proved to be a deep and fatal disease, causing death in two months thereafter, notwithstanding the best medical treatment and care. The bill was filed to obtain contribution for the loss, and the plaintiff's equity declared, upon two grounds: 1st, of an implied warranty of title and soundness in the partition of chattels held in common as to each share; and 2d, of a mutual mistake, which will be corrected to give effect to the manifest intent of the parties. It was accordingly decreed that the plaintiff should have contribution from the others for the value of the slave, loss of services, and expenses incurred in the last illness

of the slave. This value we suppose to be that fixed by the commissioners, or else there would not have been added the other loss in service and expenditure; and this seems to be the equitable and reasonable relief to which the plaintiff was entitled.

If the partition of the land in the present case had been made with full knowledge of the number of acres contained in the plaintiff's lot, and without objection thereto on her part, she being content to have it made equal in value to the others, by an assessment on them to be paid in money, it is obvious the estimate would have to be made of the value of the deficient land, as of the land divided, ascertained at the time.

Our refusal to disturb the division, requires to be done now what ought to have been done then, and this is to give the plaintiff a sum of money which would have produced equality in the division, when made, with interest since accrued.

If lands thus situated had fallen in market value, the plaintiff, who might have averted loss by converting her share into money, ought not to suffer loss from depreciation, and for the same reason she ought not to have an increase from their subsequent advancement. All that the plaintiff can reasonably ask in relief from the consequences of a common mistake, when a new partition cannot be made, is to be restored to the right of compensation as it then existed, and not as affected by subsequent events.

We therefore affirm the ruling of the court and declare there is no error.

No. error.                                             Affirmed.