CASE 31—PETITION EQUITY—MAY 10.

# Wrenn v. Gibson.

### APPEAL FROM KENTON CIRCUIT COURT.

IN A SUIT UNDER THE STATUTE FOR THE PARTITION OF LAND owned jointly by two or more persons, one of the joint owners can not be required to accept his interest partly in land and partly in money. If the payment of money is necessary to equalize the allotment, the land should be sold, and not partitioned. Such a practice will be tolerated in the partition of land between coparceners, if it is to the interest of the heirs, and the money can be paid out of the fund to be distributed from the common estate, but can not be allowed where one of several tenants in common, or joint tenants, seeks a division under the statute.

A. C. ELLIS FOR APPELLANT.

1. As the land was not susceptible of division without materially impairing its value, it should have been sold and the proceeds divided.

Wrenn v. Gibson.

(Gen. Stats., chap. 63, art. 5, sec. 6; Williams on Real Property, 4th ed., p. 135; Burgess v. Eastham, 3 Bush, 476.)

2. The division was an unfair one. The commissioners ignored the equitable principles which should control in the partition of land. (Hunter v. Brown, 7 B. M., 285; Gaithers v. Brown, 7 B. M., 91.)

3. The chancellor had no right to modify the report by adjudging that appellee pay the difference in money.

W. H. MACKOY AND SAYLER & SAYLER FOR APPELLEE.

1. *Prima facie* a tract of land containing sixty-eight acres can be subdivided without impairing its value. (McFarland v. Garnett, 10 Ky. Law Rep., 91.)

2. By a decided preponderance of the evidence in this case, it appears that the land in question can be divided without impairing its value.

3. Courts of equity, independent of any statute, have power, when it appears that equal partition can not be made without prejudice to the rights and interests of some of the parties, to decree compensation to be made by one party to the other for equality or as owelty of partition, especially in Kentucky, the Civil Code of which, section 499, subsection 19, expressly provides that the said section "is not to affect the jurisdiction of courts of equity to make partition or allot dower." (Cruise's Digest, title 19, sec. 32; Earl of Clarendon v. Hornby, 1 P. Williams, 446; Story's Eq. Jur., secs. 654, 656; Pomeroy's Eq. Jur., sec. 1389; Knapp on Partition, p. 195; Story v. Johnson, 2 Younge & Collyer, 586; Graham v. Graham, 8 Bush, 334.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant and the appellee owned in fee-simple a tract of land in the county of Kenton, containing about sixty-eight acres, and known as the Latonia Springs property. The appellee, by her petition in equity, filed in the Kenton Chancery Court, asked to have her interest in the land set apart or severed from the interest of the appellant. The appellant owned a greater interest than the appellee, the former owning two-thirds and the latter one-third of the entire tract.

The appellant, by his answer, alleged that the land could not be divided without impairing its value, and wanted the whole land sold and the proceeds divided.

The report of the commissioner, to whom the case was referred, as well as other testimony, conduced to show that the land was susceptible of division; and while the proof is conflicting on the question, it is apparent from the testimony that a division could have been made without affecting materially the rights of the parties by lessening the value of the land. If the land can not be divided without materially impairing its value, or the value of the plaintiff's interest therein, or the interest of other parties to the proceeding, then the chancellor should order a sale; and, on the other hand, if the division can be had, and the parties interested desire it, a division should be directed.

In this case the judgment or order of partition was proper, but the division being unequal, and the appellee receiving more than one-third of the land in value, it was error to require the appellant to receive in money a sum sufficient to equalize the respective interests, and if the division can not be made without requiring a pecuniary compensation to produce this equality, the land should be sold, and not partitioned. It is true that courts of equity, in the partition of land between coparceners, sometimes permitted the payment of money to equalize the allotment, and this practice would now be tolerated when it was to the interest of the heirs at law, and the money could be paid out of the fund to be distributed from the common estate; but under our statute, where one tenant in common, or joint tenant, seeks a division, the other joint tenants may ask for a sale of the whole, on the ground that a division can not be made

without materially impairing the value of his interest, and he can not be required either to pay or to accept money as a compensation for any part of the tract in order that a division may be had. If money will compensate for the inequality, then a division may be had in every instance, and the chancellor permitted to exercise the power of fixing the price and passing the title from one joint owner to the other without the consent of the parties in interest. If one joint tenant can be compelled to accept the money and part with his land, he may be compelled to pay his money and obtain that he does not wish to own in order that partition may be made. Under our practice, with the Code regulating the manner in which partition may be made, there is no necessity for requiring one joint tenant to pay, or the other to accept, money in lieu of land in order to a partition. The chancellor, therefore, erred in requiring the appellant to receive less land than he was entitled to, and accept as an equivlent its value in money, as fixed by the commissioner or by the terms of the judgment.

For this reason the judgment is reversed, and remanded with directions to partition the land, if it can be done without materially lessening the value of the interest of the joint tenants, or either of them; and if this can not be done, the entire tract should be sold. As the record now stands, we see no reason why the division can not be made.