## DANIEL B. UPDIKE *vs.* A. BIGELOW ADAMS.

### PROVIDENCE—JUNE 4, 1902.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1)  *Partition.   Owelty.*

Gen. Laws cap. 265, relative to partition, which provides for sale of the estate, does not operate as a limitation upon the general power of courts of equity to require a payment of owelty, but the statute is in addition to the general power to cover cases in which a payment of owelty is impracticable.

(2)  *Owelty.*

The rule permitting owelty to be required must have some limitation. The court must see that the requirement of owelty is equitably necessary ; that the amount is fair, and that its payment is not so imposed , upon a party as to be unreasonably burdensome, considering both the condition of the property and the party.

(3)  *Owelty.*

Where one is unable to make payment of owelty at the time of division, it should be a charge or lien upon his share, and a reasonable time should be given for the payment.

BILL IN EQUITY for partition.   Heard on entry of decree.

PER CURIAM.   A party respondent to this suit of partition objects to a decree enforcing the payment of owelty as provided in the report of the commissioners.

(1)    The authorities seem to be almost unanimous that the general powers of courts of equity are broad enough to require a payment of this kind.   Story's Eq. Juris. §§ 654, 657 ; Pomeroy's Eq. Juris. § 1389 ; 2 Dan. Chan. Pl. & Pr. * 1156 ; Bispham's Principles of Eq., 5th ed. § 492 ; Tiedeman Eq. Juris. § 523 ; Adams Eq. p. 449 ; Freeman on Cotenancy and Part. § 507; Beach on Mod. Eq. Juris. § 993 ; *Clarendon* v. *Hornby*, 1 P. Wms. 446 ; *Horncastle* v. *Charlesworth*, 11 Sim. 315 ; *Calhoun* v. *Rail*, 26 Miss. 414 ; *Martin* v. *Martin*, 95 Va. 26 ; *Oliver* v. *Jernigan*, 46 Ala. 41 ; *Hall* v. *Piddock*, 21 N. J. Eq. 311 ; *Cooter* v. *Dearborn*, 115 Ill. 509.

The respondent does not deny the doctrine of these author-

ities, but claims that our statute, Gen. Laws chapter 265, which provides for a sale of an estate is intended to apply to those cases where the division cannot be exact, and that it thus operates as a limitation upon the general rule in equity by providing a substitute for it.

We do not think this is so. While there is no reported decision in this State of a decree for the payment of owelty against objection, it has so often been required in decrees, without objection, that it seems to have been a generally accepted rule both by the court and bar. It is obviously impossible, in many cases, to divide an estate into parts of exactly equal value. Differences in buildings, location, water, wood, fertility, and other incidents affecting value, frequently need to be adjusted by a payment of money. It would be a greater stretch of power to require a large estate to be sold as a whole, where a proportionally small sum is required to meet such an adjustment, than to require the payment of such a sum. We cannot think that the statute was intended to abrogate the power in such cases, and therefore that it is not in substitution for the general power, but in addition to it, to cover cases in which a payment of owelty is impracticable ; for example, the division of a single house and lot between several parties.

(2)     The rule, however, which permits owelty to be required must have some limitation. The court must see that the requirement of owelty is equitably necessary ; that the amount required is fair, and that its payment is not so imposed upon a party as to be unreasonably burdensome, considering both the condition of the property and the party.

(3)     Where one is unable to make payment at the time of division it should be a charge or lien upon his share, and a reasonable time should be given for the payment.

In the present case the estate consists of separate pieces of city property, of different values, showing that an adjustment of values by owelty is necessary. No evidence is offered to show that the proposed division is inequitable, or that the amount required for owelty is unreasonably burdensome.

We are therefore of opinion that the decree, as offered, should be entered.

*Edwards & Angell*, for complainant.

*Tillinghast & Tillinghast, Comstock & Gardner, J. H. Southwick, Jr., John Henshaw*, for respondents.