## JULIA G. HOERR v. WILLIAM G. HOERR AND OTHERS.[1]

December 7, 1917.

No. 20,553.

**Partition — payment of owelty.**

1. Under G. S. 1913, §§ 8038, 8039, the court may decree owelty to equalize partition though the co-owner receiving the larger share does not consent that his interest be charged with its payment.

**Same — report and finding sustained by evidence.**

2. Owelty should not be decreed unless equitably necessary. In view of the report of the referees, which has somewhat the effect of a finding, and the evidence offered on the hearing which resulted in a confirmation, it is *held* that owelty was properly decreed and that the partition was fair.

Action in the district court for Blue Earth county. The referees appointed for the partition of certain real property reported and defendants filed objections to the confirmation of the report. The matter was heard before Comstock, J., who confirmed the report and ordered judgment in favor of plaintiff upon paying certain charges and fees.

[1]Reported in 165 N. W. 472, 167 N. W. 735.

From the decree of partition entered pursuant to the order for judgment, defendants appealed.  Affirmed.

*H. L. Schmitt, J. W. Schmitt* and *Hughes & Ellsworth,* for appellants.

*S. B. Wilson* and *C. O. Dailey,* for respondent.

On December 7, 1917, the following opinion was filed:

DIBELL, C.

This is an action of partition.  The referees recommended a division of the property among the co-owners and an award of compensation to make equality.  The report was confirmed over the objections of the defendants.  From the final judgment the defendants appeal.

1. The plaintiff and the defendants were the owners in common of city property in Mankato and nearby farm property.  The judgment divides the property among the owners and charges the shares set off to certain of the defendants with owelty to equalize partition.  It is the contention of the defendants that owelty cannot be decreed without the consent of the co-owners whose interests are charged with its payment and that it being impossible to partition in specie with equality there should be a sale such as the statute authorizes.

At early common law for reasons well understood though not very satisfying only estates in coparcenary were subject to compulsory partition.  2 Blackstone (4th ed.) 185, 189; Freeman, Cot. & Part. (2d ed.) § 420; 1 Washburn, Real Prop. (6th ed.) § 917; 1 Dembitz, Land Tit. 196.; 4 Pomeroy, Eq. Jur. (3d ed.) § 1386; 21 Am. & Eng. Enc. (2d ed.) 1142.  Until given a remedy by statute, joint tenants and tenants in common were without relief, unless equity assumed jurisdiction, as it early and effectively did.  Freeman, Cot. & Part. (2d ed.), § 423, et seq.; Washburn, Real Prop. (6th ed.) §§ 917-921; 1 Tiffany, Real Prop. § 175; 1 Tiedeman, Real Prop. (3d ed.) § 194, et seq.; 30 Cyc. 169, et seq.; 21 Am. & Eng. Enc. (2d ed.) 1142, et seq.  Courts of equity gave so much the more satisfactory relief that the early English statutes fell into disuse and were repealed; and, as is noted later, equity in making partition proceeded on equitable principles and made partition equal, when it could not be made so by equal division, by awarding compensation, called owelty, charged against the greater interest given to one cotenant in favor of the lesser given to another.

With this background we are the better able to understand the statutes common in the states granting or defining or limiting the right of partition and regulating the procedure. In its nature the proceeding is equitable.

We are particularly concerned with two sections, G. S. 1913, §§ 8038-8039, which provide as follows:

"8038. When it appears that partition cannot be made equal between the parties without prejudice to the rights or interests of some, the court may adjudge compensation to be made by one to another for equality of partition; but such compensation shall not be required to be made by an unknown owner, nor by an infant, unless it appear that the infant has personal property sufficient therefor, and that his interest will be promoted thereby.

"8039. When the premises consist of a mill or other tenement which cannot be divided without damage to the owners, or when any specified part is of greater value than either party's share, and cannot be divided without damage to the owners, the whole premises or the part so incapable of division may be set off to any party who will accept it, he paying to one or more of the others such sums of money as the referees award to make the partition just and equal; or the referees may assign the exclusive occupancy and enjoyment of the whole or of such part to each of the parties alternately for specified times, in proportion to their respective interests."

These sections are found as they now are as early as the revision of 1866 though they did not immediately follow one another until the revision of 1905. Section 8038 seems to be the earlier of the two. It is the contention of the defendants that a proper construction of the statute does not permit the charging of the share set off to a cotenant with owelty, unless he consents. This contention is based upon the wording of the section last quoted. The first one concededly authorizes such a charge.

Courts of equity adopted the view that to make partition equal the share set off to one owner might be charged with compensation in favor of another; and the established rule, whether based on principles of equity or resting on specific statutory authority, is that owelty may be decreed in an appropriate case without the consent of the tenant whose interest is charged. Freeman, Cot. & Part. (2d ed.) § 507; 1 Story.

140 M.—15.

Eq. Jur. (12th ed.) § 654, et seq.; 4 Pomeroy, Eq. Jur. (3d ed.) § 1389; 1 Washburn, Real Prop. (6th ed.) § 919; 1 Tiffany, Real Prop. § 175; 30 Cyc. 261; 21 Am. & Eng. Enc. (2d ed.) 1179; 38 Cent. Dig. Partition, §§ 230-235; 15 Dec. Dig. Id. § 84; Field v. Leiter, 117 Ill. 341, 7 N. E. 279; Ames v. Ames, 160 Ill. 599, 43 N. E. 592; Sawin v. Osborn, 87 Kan. 828, 126 Pac. 1074, Ann. Cas. 1914A, 647; Updike v. Adams, 24 R. I. 220, 52 Atl. 991, 96 Am. St. 711; Robinson v. Robinson, 24 R. I. 222, 52 Atl. 992; Cheatham v. Crews, 88 N. C. 38; Jameson v. Rixey, 94 Va. 342, 26 S. E. 861, 64 Am. St. 726; Calhoun v. Rail, 26 Miss. 414; Oliver v. Jernigan, 46 Ala. 41; Rutherford v. Jones, 14 Ga. 521, 60 Am. Dec. 655. Of course particular statutes may not permit such view. We note some instances. Whitney v. Parker, 63 N. H. 416; Wilson v. European & N. A. R. R. Co. 62 Me. 112; Wrenn v. Gibson, 90 Ky. 189, 13 S. W. 766; Robertson v. Robertson, 2 Swann (32 Tenn.) 197.

We are not required to anticipate the possible applications of section 8039. Some are apparent. We are of the opinion that it was not its purpose to nullify the authority given by section 8038 to decree owelty. That section authorizes a court to do what courts of equity had long done without a statutory authorization. Section 8039 is rather by way of supplement than limitation. In a proper case owelty may be decreed.

2. Owelty should be decreed with caution. It should not be decreed except when necessary to make an equitable and fair division. A sale on partition may offer the preferable method. Either method, unless wisely administered, may burden or sacrifice the share of a co-owner. The statute prefers a division in specie, and neither a burdening of one share with owelty or a sale of the whole should be permitted except when equitably necessary. See Updike v. Adams, 24 R. I. 220, 52 Atl. 991, 96 Am. St. 711; Sawin v. Osborn, 87 Kan. 828, 126 Pac. 1074, Ann. Cas. 1914A, 647.

Upon the hearing of the application for confirmation and the objections thereto the defendants offered evidence. The plaintiff, relying upon the referees' report, offered no testimony. Both have discussed the effect of the report of the referees. This was the subject of recent

consideration in Robbins v. Hobart, 133 Minn. 49, 157 N. W. 908, where Judge Taylor, in considering the effect of a majority report, said:

"An application to set aside such report is usually considered as analogous to a motion for a new trial, and the report as entitled to the same force and effect as the verdict of a jury or a finding made by the court."

This establishes the rule for this state in harmony with that of others. In considering awards of compensation to equalize partition we are disposed to as free an investigation and review as is permissible. The situation and character of the property and the undivided interests in which it was owned made the partition here involved difficult. Upon as thorough a review of the record as we are able to give we reach the conclusion that owelty was properly decreed and that the partition made is not unfair to the defendants.

All of the points urged in the brief of appellants have been considered We do not find it necessary to mention those which we have not particularly discussed.

Judgment affirmed.

A reargument was granted upon the question whether owelty was properly decreed in this case.

*Hughes & Ellsworth* and *H. L. & J. W. Schmitt,* for appellants.

Section 82, c. 108, R. S. 1849 Wisconsin, and section 49, c. 75, R. S. 1851 Minnesota, seem to be substantially the same as G. S. 1913, § 8038. Chapter 75 contains no provisions similar to those of section 8039. Section 14 of c. 74, G. S. 1866, the chapter entitled "Actions for Partition of Real Estate," is identical with section 8039. That section is in substance the same as sections 11 and 12, c. 56, G. S. 1866, the chapter entitled "Of the Partition and Distribution of Estates." Sections 3088 and 8039 correspond to sections 4402 and 4403, R. L. 1905. Sections 7410 and 7411, G. S. 1913, contains in substance the provisions of section 8039. Under the facts shown in this case, no joint owner of an interest in real estate owned in common by several parties, can be forced to accept the whole estate, or any particular tract which exceeds in value his interest in the whole estate, and cannot be divided without damage to the owners, and be required to pay owelty to the other owners for equality of partition, unless he consent thereto and accept the decree. It

is clear that by the enactment of chapter 74, G. S: 1866, the legislature intended to change the law relating to partition of real estate in the district courts to make it conform to the law providing for the partition of real estate in the probate courts. The two chapters relating to partition of real estate as published in R. S. 1851, and in each of the succeeding revisions, must be construed together as one law. In this case item 1, assigned to the appellant, Frank P. Hoerr, consisting of two lots and a garage building, cannot be divided without damage to the owners, and its reported value, $10,560, exceeds by $4,356.99 the total value of appellant's share. These facts make the provisions of section 8039 applicable. Wilson v. European & N. A. R. Co. 62 Me. 112; Whitney v. Parker, 63 N. H. 416.

*C. O. Dailey* and *S. B. Wilson,* for respondent.

Section 8238, G. S. 1913, is copied verbatim from New York Code of Civil Procedure, § 1587. Section 8039 is a hard statute to construe because of its loose provisions. The power of the probate court to make partition is only given as an incident to the settling of estates of deceased persons and as a part of the final steps of administration. Hurley v. Hamilton, 37 Minn. 160, 33 N. W. 912. The case of Wilson v. European & N. A. R. Co. 62 Me. 112, is not in point, as the statute of Maine expressly states that owelty can be enforced only by consent of parties. Updike v. Adams, 24 R. I. 220, 52 Atl. 911.

On May 24, 1918, the following opinion was filed:

PER CURIAM.

A reargument was granted upon the question whether under the facts involved owelty was properly decreed to make partition equal. It is the contention of the appellants that section 8039 so far modifies section 8038 that, when a particular parcel is of greater value than the share of any co-owner and is itself incapable of division, it cannot be set off to a part owner and partition equalized by decreeing owelty unless he consents. The ultimate and incidental questions involved have been re-examined. They are not free of difficulty.

It is the view of the majority that the contention of the appellants cannot be sustained and that the prior decision was correct. We adhere to it. It is proper to emphasize the statement made in the opinion that

owelty should be decreed with caution as against a nonassenting part owner. It should not be imposed when it will be unreasonably burdensome considering the condition of the party and the property. See Updike v. Adams, 24 R. I. 220, 52 Atl. 991, 96 Am. St. 711. And the determination of the trial court will be freely reviewed here.