## Strode v. Hardwick, et al.

### (Decided December 15, 1925.)

### Appeal from Fayette Circuit Court.

1. Partition—Partition Affecting Lien for Street Improvement Held Unauthorized, Under Statute.—Partition of property into two parcels in such manner that in order to equalize division it was necessary that parties receiving one portion assume entire cost of street improvement, which had previously been lien on whole property, held unauthorized, in view of Ky. Stats., section 2348, and Civil Code of Practice, section 490.

2. Appeal and Error—Deeds, Executed Pursuant to Decree, Held of no Effect on Reversal of Judgment.—Deeds, executed pursuant to judgment in action for partition, held of no effect on reversal of such judgment, whether executed before or after chancellor lost control of judgment on execution of supersedeas bond.

WILLIAM J. BAXTER for appellant.

BAILEY D. BERRY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

The appellant, Irene Strode, and the appellees, J. H. Hardwick, F. R. Blackburn and V. L. Hiatt, jointly, own a tract of land lying within the city limits of Lexington, Kentucky, containing approximately ten acres. She owns an undivided one-half of it; they, jointly, the other. The tract of land fronts on Alford avenue on the east and Park avenue on the west. This action was instituted by appellees for a sale and division upon the theory that it could not be divided without materially impairing its value and the value of the various shares. Appellant answered denying that the tract of land could not be divided and sought to have her interest therein allotted to

her. The appellees abandoned their efforts to obtain a sale, consented to a division, and a commission was appointed to divide the tract of land. The order of division in conformity with the desires of the parties directed the commission to divide the tract of land into two portions equal in value, quantity and quality of the land being considered, and to allot one portion thereof to appellant, Irene Strode, and the other portion thereof to the appellees, Hardwick, Blackburn and Hiatt. The commissioners acted and filed a report of division. Appellant excepted to it. On the hearing the chancellor overruled her exceptions and confirmed the report and directed that deeds be executed to the parties in conformity with the report. This appeal is prosecuted from the judgment of the court overruling appellant's exceptions to the report of division and confirming the division made.

Reference to the report as to the division made by them makes it appear that prior to the date the commissioners made their division, Park avenue had been constructed at the expense of the abutting property. The tract of land owned by appellant and appellees abutted on that avenue and its portion of the cost of the improvement was approximately $2,000.00. The improvement was made on the ten-year plan of payment, and a lien has been asserted against the land for its payment. It appears that the commissioners divided the tract of land into three lots—tract No. 1 abutting Park avenue, and tracts No. 2 and 3 abutting Alford avenue. The commission awarded tracts No. 2 and 3 to appellant, Irene Strode. The commission concluded that tracts No. 2 and 3 together were less valuable than tract No. 1 to the amount of $1,000.00, and, to equalize, reported that tracts No. 2 and 3 should be released of the liens for street improvement and the entire cost of the same should be imposed upon tract No. 1.

Appellant insists that she was entitled to have allotted to her land equal in value to one-half of the value of the tract as a whole, quantity and quality considered, and that the commission appointed was without authority to award her less than half in value of it and to compensate her for the difference by having her joint tenants to pay her half of a debt asserted as a lien against the tract of land. She insists, therefore, that the chancellor erred in not sustaining her exceptions to the report of the commissioners dividing the land and that it should be re-

versed. That question has heretofore been considered by this court. In Wrenn v. Gibson, 90 Ky. 189, on that question, it was said:

"In this case the judgment or order of partition was proper, but the division being unequal, and the appellee receiving more than one-third of the land in value, it was error to require the appellant to receive in money a sum sufficient to equalize the respective interests, and if the division can not be made without requiring a pecuniary compensation to produce this equality, the land should be sold, and nor partitioned. It is true that courts of equity, in partition of land between copartners, sometimes permitted the payment of money to equalize the allotment, and this practice would not be tolerated when it was to the interest of the heirs at law, and the money could be paid out of the fund to be distributed from the common estate; but under our statute, where one tenant in common, or joint tenant, seeks a division, the other joint tenants may ask for a sale of the whole, on the ground that a division can not be made without materially impairing the value of his interest, and he cannot be required either to pay or to accept money as a compensation for any part of the tract in order that a division may be had."

The method of division in effect forced appellant to sell a portion of her land to persons and at a price selected and determined by another, she not being consulted as to either.

There is no contention upon the part of either of the parties that the ten-acre tract of land owned by them may not be divided so as to allot to plaintiff her full one-half thereof in value, and, in view of the provisions of section 2348 of our statutes, and section 490 of our Civil Code of Practice, and the previous utterance of this court on the question, *supra,* we are of the opinion that the method of dividing the land herein by awarding to appellant less than one-half thereof in value was unauthorized and that the judgment of the chancellor confirming the report of division was erroneous and must be reversed.

The parties present to us the question as to whether the chancellor erred in overruling appellant's motion to set aside the judgment rendered herein approving the deed of conveyance made to appellees pursuant to and in accordance with the report of division. When that question was presented the chancellor held that the deed to

appellees was presented and acknowledged and approved in open court and had been certified and recorded before the supersedeas bond herein was executed by appellant, and that, therefore, he was without authority to set aside that order. Appellant takes the position that the judgment confirming the report or division and approving the deed was not signed by the chancellor until after the supersedeas bond was executed herein, and that when signed it did not relate back to the date of its entry, but was effective only from the date it was signed, and that, therefore, the chancellor should have set aside the order approving the deed to appellees. We regard the questions thus presented as being immaterial. Whether the judgment approving the deed to appellees under which it was delivered to them and has been recorded was entered and signed by the chancellor and became effective before the supersedeas bond was executed herein by appellant, and therefore was beyond the power of the chancellor to recall, but could be affected only by appeal to this court, or whether the judgment was not signed and therefore was still under the control of the chancellor is immaterial in view of the fact that the appeal from the order confirming the report of division has been duly prosecuted to this court. The judgment confirming the division made by the commissioners herein was erroneous, as hereinbefore pointed out. The deed made to appellees thereunder can be valid or erroneous, as the case may be, only in accordance with this court's view of the chancellor's judgment on the exceptions to the report of division, and, in view of our opinion that the report of division was improperly confirmed, the deed made to appellees thereunder was erroneous.

Wherefore, the judgment herein is reversed and this cause is remanded, with direction that the exceptions to the report of division be sustained, and that the deeds executed thereunder be cancelled and held for naught, and that the lands owned by the parties hereto be divided between them in accordance with this opinion.