# Rowe, Administratrix, et al. v. Chesapeake & Ohio Railway Company.

(Decided May 4, 1926.)

## Appeal from Lawrence Circuit Court.

1. Master and Servant—Motor Car Carrying Railroad Officials, Operated as Special Train on Schedule, Becomes Train Exempt from Rules Governing Motor Cars.—Motor car, operating on railroad carrying officials of road and operated as special train on schedule, under direction of special train dispatcher, becomes a train within the meaning and purpose of rules of company governing motor cars or hand cars, so as to relieve operators from negligence for failure to comply with rules applying to motor cars.

2. Death—Contributory Negligence of Deceased Bars Recovery by Beneficiaries Under Federal Employers' Liability Act (U. S. Comp. Stats., Secs. 8657-8665).—Where primary negligence of section foreman in running hand car without complying with company rules caused collision resulting in his death, there can be no recovery by wife or children under federal Employers' Liability Act (U. S. Comp., secs. 8657-8665).

JOHN W. WOODS, A. O. CARTER, M. S. BURNS and J. W. HINKLE for appellants.

BROWNING & REED and KIRK, KIRK & WELLS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This is a case growing out of the same occurrence as Chesapeake & Ohio Railway Company v. Dixon, 212 Ky. 38. The facts are fully stated in that opinion. This is an action by the widow and children of the section foreman to recover for his death under the Federal Employers' Liability Act. The circuit court at the conclusion of the evidence peremptorily instructed the jury to find for the defendant. The plaintiffs appeal.

We adhere to the conclusion reached in the former opinion that neither rule 10 nor rule 13 applies to the motor car carrying the officials of the road which was operated by the railway company as special train No. 151, on a schedule under the direction of the train dispatcher, for the reason that such a car becomes a train within the meaning and purpose of the rules and is exempt from the operation of the rules governing motor cars or hand cars. It follows necessarily that there was no negligence on the part of the operators of this car, unless they could have

avoided injury to the hand car after its danger was discovered, and of this there was no evidence.

The primary negligence causing the collision was that of the section foreman in running his hand car around Ben Bow curve without complying with rules 10 and 13. As his negligence was the primary cause of the trouble there can be no recovery by him or by his wife or children under the federal liability statute. Freze v. Chicago, etc., R. R. Co., 263 U. S. 1.

Judgment affirmed.