## Barbee v. Price et al.

(Decided Feb. 28, 1936.)

S. D. HODGE for appellant.

E. M. NICHOLS for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Nancy A. Price, a widow, died in December, 1929, a resident of, and domiciled in Hopkins county, Ky. Her will, by which she devised all of her property to a son, George M. Price, having failed, by reason of his having predeceased her, her estate passed as in case of her intestacy, according to the provisions of section 4843, Kentucky Statutes, to her four children and two grandchildren surviving her, the latter taking the share of their father, William E. Price, who had also predeceased his mother. The property of the estate here involved thus passed in the following proportions to the following named heirs: T. C. Price one-fifth; Mary B. Barbee, one-fifth; Carolyne Price Rodman, one-fifth; Ellie M. McGill, one-fifth; William E. Price and Givens Price McDonald (children and heirs at law of William E. Price), one-tenth each.

Thereafter it appears that she said Ellie M. McGill and husband conveyed her certain one-fifth undivided interest in the estate to her sister, Mary B. Barbee (the defendant), thus making her the owner of an undivided two-fifths interest in her mother's estate.

The property so descending to the said named heirs of Nancy A. Price is located in the town of Dawson Springs, Ky., and consists of the following separate and distinct parcels, to wit: One drugstore building and lot; one grocery store building and lot, which buildings and lots adjoin; one small cottage and lot; an undivided one-half interest in a small lot on which is located a wooden garage building; three vacant lots, Nos. 1, 2, and 3, adjoining each other; and a small lot lying immediately in the rear of the grocery store building lot and adjoining it.

These parcels of property remained in the joint ownership and possession of the heirs for several years, during which a portion of it (or the drugstore) was rented to, and occupied by, Mary B. Barbee, the appellant, when, such holding of the property proving unsatisfactory and unprofitable to its joint owners, one of them, William E. Price, on December 27 1933, filed his suit against the other joint owners and their respective mortgagees, wherein it was alleged that the property was not susceptible of division without material injury to the interests of its joint owners and prayed for a sale of the property as a whole and division of sale proceeds among them as their interest might appear.

Shortly after the filing of this suit in equity, seeking a sale and division of the property, William E. Price and his sister, Givens Price McDonald, brought a further action in the Hopkins circuit court against their co-owner and tenant of a part of the estate property, Mary B. Barbee, seeking a recovery of rent against her, for the use and occupancy of the drugstore building, rented and used by her as a drugstore, and also for her use and occupancy of the upstairs rooms of the estate's store building adjoining it.

In said rent suit, the plaintiffs alleged that they were together the owners of an undivided one-fifth interest in the property rented, used, and occupied by Mary B. Barbee, and further that in February, 1931, the other co-owners of the property, T. C. Price and Carolyne Price Rodman, had entered into a verbal contract with her, whereby the plaintiffs and their co-owners leased and rented the said drugstore building on a month to month basis at a rental of $75 per month

for the entire premises and interest therein, or $15 per month to be paid to the plaintiffs as compensation for the lease of their one-fifth interest therein, which amount the said defendant Mary B. Barbee promised and agreed to pay the plaintiffs in advance every month thereafter, so long as she should continue to use and occupy said building and premises; that defendant immediately took charge of and occupied the said store, but that she has failed and refused to pay the rent due them for the year 1933 and for 4 months of the year 1934, for which there was now owing them by her the sum of $240. Also the petition further alleged that the plaintiffs and the other named heirs were the joint owners of a store property adjoining the said drugstore, having five upstairs rooms, which in February, 1931, the defendant Mary B. Barbee took possession of and occupied, but without ever paying the plaintiffs or either of them any rent or compensation for her use and occupancy thereof, despite repeated demands made therefor, and alleged that $25 per month would be a just and reasonable rent for said second floor apartment, of which amount plaintiffs were entitled to recover a one-fifth part or $5 per month for a period of 39 months during which she occupied it.

Also by further amended petitions the various holders of liens against the interests of the several joint owners were made defendants and called upon to answer and set up their liens in the consolidated actions.

Issues were joined by subsequent pleadings upon these questions as to the divisibility and rights to partition in kind among the several joint owners of this Nancy Price estate and as to defendant Mary B. Barbee's renting, use, and occupancy of the stated portions of the estate and extent of her liability therefor, upon which voluminous proof was taken and heard.

That given by the plaintiffs and their witnesses upon these issues was to the effect that no fair partition could be made of the several parcels of the property allotting to plaintiff and each co-owner their pro rata share in it, as the several parcels of real estate were not susceptible of such division without materially impairing the value of the several interests therein. Also, upon the question of defendant's liability for rent, the evidence was that, even conceding there was only an oral contract for a year's tenancy of the drugstore

at a fixed monthly rental of $75 a month, with privilege of extending the lease for a further 5-year period, defendant, after the expiration of the first year's tenancy under the oral contract, had continued to pay under it a monthly rental of $75 a month therefor.

Further, the plaintiffs' evidence was, upon this issue as to defendant's use and occupancy of the upstairs rooms of the adjoining grocery store building, that she and her son had moved in and occupied same as bedrooms and for storage purposes, and had held exclusive possession of them for a period of some 39 months.

On the other hand, the evidence introduced on behalf of Mary B. Barbee, the defendant, was first that the several parcels of property, all appraised as being of widely different value, were yet susceptible of partition in kind between their co-owners; that the defendant's two-fifths interest in the several parcels could be partitioned in kind to her by the allotment to her of either the drugstore or the grocery store with another small property, and she urges that either of such allotments, if made, would fairly represent a two-fifths part of the valuation placed upon the entire property, in which she held a two-fifths interest.

Upon final submission of these consolidated actions, the learned chancellor prepared a memorandum opinion, therein setting out his findings of facts and conclusions of law based thereon as follows:

That the property involved in this action is owned by the parties and in the proportions as set out above; that the defendant Mary B. Barbee had executed a mortgage on her undivided two-fifths interest in the drugstore building and lot to L. S. Du Bois & Son Co. to secure the payment of $983.01 and interest owing it; that she had executed a further mortgage to the First National Bank of Dawson Springs upon her two-fifths interest in all the real estate inherited from Nancy Price and upon the store fixtures and stock of goods used by her in her drugstore to secure the payment of $3,347.50; that J. H. Brown has a mortgage lien upon T. C. Price's interest in the above real estate to secure the payment of $181 and interest, and that he had given a like lien to the Commercial Bank of Dawson to secure the payment of a loan of

$2,000 and interest; and that E. M. Nichols has a mortgage lien upon William E. Price's one-tenth interest in the drugstore and grocery buildings and lots to secure the payment of $103 and interest owing him.

Further it was adjudged that the plaintiffs William E. Price and Givens Price McDonald, upon their suit for their portion of rent due by Mrs. Barbee on the drugstore, recover the sum of $330 as their one-fifth of the rent due by her; that they recover the sum of $135 as their part of the rent due from Mrs. Barbee for the use and occupancy of the rooms over the grocery store; and that such sums so adjudged due by the defendant Mrs. Barbee should be credited with the sum of $18 as the plaintiff's proportionate part of the money expended by defendant in repairing said buildings.

Further, the chancellor found that:

"In the circumstances, considering the various liens upon the property, the Court is of the opinion that a sale of the property is necessary, and that the liens against same should be enforced and the property sold in satisfaction thereof, and the lienholders paid according to their priorities."

He further adjudged upon the issue of appellant's right to have partition made that "from the weight of the probative testimony herein the said property is not susceptible of advantageous division and cannot be divided among the owners thereof without impairing the value of the respective shares and interests therein" and that, owing to such condition of indivisibility of the property, the division of the property as sought by Mrs. Barbee, which was that either the drugstore property or the grocery store property be adjudged her as the equivalent of her two-fifths interest in the estate, would be inequitable, if not impossible, and that therefore her pleadings to such effect were denied.

Further the opinion drected that judgment be drawn by counsel in keeping with the opinion, which was accordingly done, then signed by the judge, and thereafter duly entered and signed upon the order book.

Challenging from every standpoint this judgment as drawn, signed, and entered in conformity with the directions given in the court's written opinion, the defendant has appealed, with an assignment of some twenty

or more errors alleged committed by the court, which appellant by counsel most strenuously insists entitle her to its reversal.

While we have carefully considered all of these numerous grounds urged for reversal, we do not deem it needful to discuss many of them, because of their very patent lack of merit, leading us very readily conclude that they should not be sustained.

There are many claims too here made by the appellant which it appears are to some extent overlapping and confused, but they all arise out of the two suits and involve but the two main issues herein presented; the one seeking a sale of the jointly owned real estate for division of the proceeds, on the ground of indivisibility and the other seeking recovery of rent claimed due plaintiffs from defendant for her exclusive use and occupancy of certain portions of this jointly owned property.

As to defendant's claim for partition, presented in the first suit, while it is the rule that partition in kind is favored by the law, where it can be made equitably and without injury to the other interests in the jointly owned property, yet, where such cannot be done, but a division of the jointly owned estate would result in unfairness and uncertainty as to which of the joint owners received a rightful apportionment of their share and interest in the estate, such partition or allotment in kind of the property between the several owners will and should not be directed. Inasmuch as the property sought to be sold as a whole here consists of several separate and distinct parcels, the situation, it would appear, is not, as contended, covered by the rule which presumes the indivisibility of a city lot. The property here is already divided into separate and distinct parcels, but such fact does not remove the difficulty of so distributing them in kind, among their joint owners, as to give to each party his fair and like pro rata part of the estate. Also the difficulty of such division in kind between the joint owners is here further increased by reason of the fact that several of these joint owners have mortgaged their respective interests in particular parcels of the estate as well as their interests in the whole estate. If there were such division in kind here attempted to be made between the joint property owners, it might eventuate in some mortgagee's receiving

a security for the payment of his debt owing by the particular joint owner executing the mortgage less in value, where confined to the particular part of the property assigned him, than would represent the value of his mortgaged undivided interest in the entire property.

Further, there is here much evidence, given by the plaintiffs' witnesses, that an equal and fair division of the whole property could not be made by allotments in kind to the several joint owners according to, and in satisfaction of, their respective differing interest in the estate, and that, should the drugstore building, as asked, be allotted the appellant, by way of making a partition in kind, it would result in her receiving more than the two-fifths interest she owns in the whole estate, and that, should the grocery store building be allotted her in satisfaction of her two-fifths interest therein, even should such allotment represent fairly in value her interest, such division would yet be objectionable, as improvements and repairs upon the building would be required in order to make its value equal to a two-fifths part of the estate.

Appellant in so testifying stated that such situation calling for alteration of grocery store building was due to the fact that the grocery store building had no stairway leading to its upstair rooms, but that same were reached through the stairway of the adjoining drugstore building and by means of a doorway leading from the head of the stairs through a partition wall into the upstair rooms of the grocery store.

However, partition in kind will not be made where repairs, or a pecuniary compensation are required to equalize the respective interests in the property. Strode v. Hardwick et al., 212 Ky. 36, 278 S. W. 168; Wrenn v. Gibson, 90 Ky. 189, 13 S. W. 766.

Whatever may be our conclusion, based upon the very conflicting evidence introduced by the parties as to the susceptibility of this estate property to a fair division and allotment in kind to the respective joint owners of their respective undivided interests therein, the chancellor has found from this evidence that the requested partition of the property cannot equitably be made, and, under the well-established rule applicable in such case, we are not inclined to disturb his finding, where, as here, it is supported by ample evidence, leaving our minds in doubt upon the question.

Appellant further complains of the court's adjudging her liable for rent to appellees (plaintiffs below) upon the drugstore used and occupied by her in the sum of $240. She bases this contention upon the ground that she rented the drugstore by an oral contract for the period of one year at a rental of $75 a month and with the privilege of extending the verbal lease for a period of five years. Admitting that the oral lease for such a period is unenforceable, as coming within the statute, and that rent owing and unpaid by her for the subsequent period of her occupancy of the store cannot be recovered upon such verbal lease, it is yet shown that she continued to pay, after the expiration of the year period of occupancy, rental at the original rate of $75 a month therefor, without making claim for readjustment of earlier rental agreement, which it is held waives the right to have such later adjustment of rent, and the tenant is held for the amount of the earlier agreed rate of rent for the period of his extended use and occupancy of the property. Cain et al. v. Lawrence Drug Co., 235 Ky. 12, 29 S. W. (2d) 550; Ventura Hotel Co. v. Pabst Brewing Co., 109 S. W. 354, 33 Ky. Law Rep. 149.

Appellant further contends that the court erred in holding her to account for her use and occupancy of the rooms over the adjoining grocery store. In support of this contention, she says there were but five rooms over the grocery store, only two of which she used and occupied as bedrooms, which represented but her two-fifths interest in the rooms of the store building; further, that her use of these two rooms was in no wise exclusive of the other joint owners occupying the remaining three rooms of the building, representing their three-fifths undivided interests in the building.

However, it is admitted that the other of these five rooms were used by defendant as storage rooms during this long period of her occupancy of the apartment. The chancellor found as to this that, whether her use of these rooms had been by her declared or made manifest as one exclusive of the rights of the other joint owners of the building to joint occupancy of the rooms by them, it was yet clearly shown that she had in fact had the sole and exclusive use of the entire five rooms during the period, and for such reason held her account-

able for such use and occupancy of them to the plaintiffs for their one-fifth part of the rent due, which amount was fixed by the chancellor at $15 per month, and adjudged to the plaintiffs as their one-fifth share thereof the aggregate sum of $135.

We do not regard the chancellor's ruling in this as erroneous when based upon his finding that appellant had in fact had the entire and exclusive use of the premises during the period for which rent was adjudged, and concur in the holding of the chancellor based upon such finding of fact, which clearly comes within the rule announced in Johnson's Adm'r v. Johnson, 155 Ky. 9, 159 S. W. 606; Larmon v. Larmon, 173 Ky. 477, 191 S. W. 110.

Further, the appellant contends that the court here erred in directing a sale of the property made for the satisfaction of the claims of the lien holding defendants.

While such may be the effect, we do not so interpret that such were the grounds upon which the property was directed sold and the claims of the lien holding defendants paid out of the shares of their respective mortgagors in the sale proceeds.

A sale of the property as a whole was directed made, not for the purpose of thus directly enforcing the mortgage liens upon the undivided interests of their debtors, but was directed for the purpose of making division among the joint property owners of their share in the sale proceeds upon their application made for such relief. However, it was adjudged that the property could not be fairly partitioned in kind among its joint owners. Had it been partitioned, the chancellor would doubtless have only adjudged that the defendant mortgagees held liens against the several interests allotted to their respective mortgagors, leaving them to duly enforce their adjudged liens by sale of the allotted property, or by taking such further procedural steps as in such case are provided for by the applicable Code provisions. For such reasons we are of the opinion that this ground of attack made upon the judgment is without merit.

Therefore, finding upon the whole case no substantial error to have been committed by the chancellor in his findings of fact and rulings thereon, we conclude that his judgment should be, and it is, affirmed.