EDWARD HANSON and Another v. INGWALD INGWALDSON.[1]

November 15, 1901.

Nos. 12,715—(60).

### Partition of Real Property—Fee of Attorney.

In actions for the partition of real property under G. S. 1894, c. 74, the allowance of attorney's fees under section 5815, as an item of "costs, charges, and disbursements," rests in the discretion of the trial court; and it is *held* in this action that the court did not abuse its discretion in disallowing a claim for such services.

Appeal by plaintiffs from orders of the district court for Houston county, Kingsley, J., disallowing a claim for attorney's fees in an action for partition of land. Orders affirmed.

*Duxbury & Duxbury,* for appellants.

*James O'Brien,* for respondent.

PER CURIAM.

This was an action for the partition of certain real property in Houston county, and was brought and conducted under and pursuant to the provisions of G. S. 1894, c. 74. Proceedings were had in the district court which resulted in the sale of the land by a referee appointed by the court. Upon the coming in of his report an order was made confirming the same, directing the distribution of the proceeds thereof, and ordering and allowing the payment of certain costs and disbursements, expenses incurred in the proceedings. The attorneys for plaintiffs applied to the district court for an allowance to them of the sum of two hundred fifty dollars as fees for services in conducting the proceedings, the same to be paid out of the proceeds of the property. The court disallowed the item, and plaintiffs appealed.

It may be conceded that in partition cases, where a partition of real property is the principal object of the action, and the final judgment results in benefit to all the parties concerned, the court may, in its discretion, make a reasonable allowance to plaintiffs

[1] Reported in 87 N. W. 915.

for necessary attorney's fees, under G. S. 1894, § 5815, and the statute is construed to authorize such an allowance; but in cases like the one at bar, where the action is in fact an adversary one, and the real contest is as to the title to the property, no allowance for such attorney's services ought to be made. It follows from this that the trial court properly exercised its discretion in this case, and the order refusing to allow plaintiffs compensation for their attorneys was right.

Orders affirmed.