## THEODORE KULLER, AS TRUSTEE, AND OTHERS v. MICHAEL PHILLIP KULLER, AS TRUSTEE, AND OTHERS.

109 N. W. (2d) 561.

June 9, 1961—No. 38,079.

*Firestone, Fink, Krawetz, Levy & Miley,* for appellants.
*Brill & Brill,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action for the partition or public sale of a five-story commercial structure in St. Paul pursuant to Minn. St. c. 558. Plaintiffs as trustees under various instruments of trust were owners of an undivided one-half interest in the property while defendants as trustees under other trusts were the owners of the remaining undivided one-half interest therein.

In their motion for entry of judgment, plaintiffs sought an allowance for attorneys' fees under § 558.10 which provides in part: "The costs, charges, and disbursements of partition shall be paid by the parties respectively entitled to share in the land, and the amounts to be paid by each shall be determined by the court, and specified in the final judgment." This is an appeal from an order denying plaintiffs' motion for such an allowance.

Plaintiffs, through family interrelationships, controlled the stock of Deauville Sportswear, Inc., which was in possession of the premises under an unexpired lease and which conducted a mercantile business therein. In the complaint plaintiffs alleged that the value of the property at that time was $35,000; that partition thereof in kind was impossible; and that consequently a public sale should be ordered pursuant to § 558.01.

Defendants answered, denying that the value of the premises was

but $35,000, and alleged that if that amount was the true value they would immediately purchase plaintiffs' interest therein for $17,500. They further alleged that a public sale at that time would be to plaintiffs' advantage and to their disadvantage because of plaintiffs' control of the outstanding leasehold interest in the premises and because the lease would be an obstacle in obtaining outside bids for the property since prospective purchasers would not be able to take possession until the expiration thereof. During the proceedings defendants obtained corrections in the pleadings, affidavits, and notices prepared by plaintiffs' counsel. They drafted a second publication of the notice of sale and obtained an order for publishing it in a newspaper with a circulation much wider than the legal publication utilized by plaintiffs. They raised funds so that they would be in a position to enter into competitive bidding with the plaintiffs at the sale.

When the property was offered at the public sale, there was but one outside bidder. He submitted only one bid for the property at $55,000. Plaintiffs and defendants thereafter entered into competitive bidding for it. Defendants' final bid was $79,500. Plaintiffs thereupon bid $80,000 for the property and it was sold to them at this figure. The sale was later confirmed by the court.

Plaintiffs subsequently moved for entry of judgment and for an order for payment of costs, expenses, and disbursements, including attorneys' fees in the sum of $2,500. Defendants objected to the motion for attorneys' fees contending that (1) the proceedings were adversary; (2) the sale was not to their advantage; and (3) their counsel had furnished as much service in the proceedings as had plaintiffs' counsel and should be compensated in an equal amount if attorneys' fees were to be allowed.

The trial court denied plaintiffs' motion for attorneys' fees. In a memorandum attached to the order, it stated:

"* * * The only statute that appears to have any application is M. S. A. 558.10. This statute provides that 'the costs, charges and disbursements of partition shall be paid by the parties respectively entitled to share in the land.' * * * [In] Hanson v. Ingwaldson, 84 Minn. 346, 87 N. W. 915 [the court stated at page 347] * * *:

" 'It may be conceded that in partition cases, where a partition of real property is the principal object of the action, and the final judgment results in benefit to all parties concerned, the court may, in its discretion, make a reasonable allowance to plaintiffs for necessary attorney's fees, under G. S. 1894, Sec. 5815, and the statute is construed to authorize such an allowance; but in cases like the one at bar, where the action is in fact an adversary one, and the real contest is as to the title of the property, no allowance for such attorney's services ought to be made.' "

Plaintiffs appealed from this order. This court remanded the case so that plaintiffs might move the district court for an order clarifying a portion of the memorandum attached to and made a part of the order appealed from. Following this order, the trial court amended the memorandum to read as follows:

"Hanson v. Ingwaldson, supra, construes the statute to the effect that in a partition action where the final judgment results in a benefit to all parties concerned, the court may make a reasonable allowance for attorneys' fees. * * * [and] also holds that where the action is in fact an adversary one and the real contest is as to the title to the property, attorneys' fees should not be allowed. In good faith adversary partition cases it may well be doubted whether there is a clearly recognized benefit to all parties concerned. Certainly, the losing party or parties in good faith adversary partition cases may be most reluctant to suggest that the result was of any benefit to them. It does not, therefore, appear to be fair and equitable to allow attorneys' fees in good faith adversary partition cases. *Here there was no satisfactory showing of a benefit to all parties concerned and the proceedings are regarded as adversary in character. Under these circumstances, the statute as interpreted in Hanson v. Ingwaldson, supra, does not appear to permit the allowance of attorneys' fees.*" (Italics supplied.)

In the present appeal the plaintiffs contend that in effect the memorandum as clarified expressed the court's erroneous conclusion that it was without authority to exercise any discretion in the matter and that it had denied plaintiffs' motion for attorneys' fees because of this conclusion.

■ As indicated above, under § 558.10 the court may allow "costs, charges, and disbursements" in partition proceedings. In construing this section, in Hanson v. Ingwaldson, 84 Minn. 346, 87 N. W. 915, this court interpreted the foregoing language to mean that in partition proceedings where the final result is of benefit to all parties a trial court in its discretion may award attorney's fees to plaintiffs, but that, where the action is adversary and where it can be fairly established that the results thereof were of no substantial benefit to defendants therein, such attorney's fees should be denied. This same rule is expressed in Annotation, 73 A. L. R. 16, 21, as follows:

"* * * it has been widely held or recognized, in practically all of the cases in fact, that counsel fees should be allowed as part of the costs, or that such an allowance may be made, in partition suits where all of the parties have actually benefited therefrom, at least where, and to the extent that, the proceedings have been amicable or friendly, the statutes generally being regarded as broad enough to justify allowances in such cases."

■ Here the trial court did not, as plaintiffs contend, conclude that it lacked authority to award attorneys' fees to plaintiffs' counsel. Rather, its order and the memorandum made a part thereof as finally clarified indicate that it did exercise discretion in determining that this action was not one where attorneys' fees might equitably be allowed plaintiffs' counsel. In substance, it determined that, in the absence of any substantial benefits accruing to defendants from the action and sale, and in view of the adversary character of the proceedings, attorneys' fees should not be allowed. Accordingly, our function is limited to deciding whether this determination constituted an abuse of discretion. 1 Dunnell, Dig. (3 ed.) § 399, and cases cited.

■ That the action for public sale was adversary is beyond question. Defendants were obligated to retain counsel and fight vigorously to bring about a valid sale at a fair price. They repeatedly sought and obtained corrections in the proceedings. They had numerous conferences and consultations with respect to values and procedure. They sought delay because of plaintiffs' advantageous position while the lease remained in effect. In the threatened absence of outside bidders,

they obtained funds to bid up to $79,500 for the property, thus forcing plaintiffs to purchase it at a price reasonably approaching its fair market value. Had defendants not regarded the suit as adversary throughout, undoubtedly the property would have brought substantially less than the amount obtained for it.

■    Likewise, there is a serious question whether the final results of the action were beneficial to defendants. As indicated, the property was under a lease from which they derived a secure income. Upon its expiration, they would be in a position to demand a higher rental for the premises. The sale no doubt required payment of a capital gains tax and reinvestment of the net proceeds at inflated valuations now prevalent. It seems clear that the sale may not have been of any substantial benefit to defendants and that it might even have been to their disadvantage. Based upon the foregoing, it is our opinion that the trial court did not abuse its discretion in determining that there should not be any allowance of attorneys' fees for plaintiffs' counsel.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.