Clare J. Hoyt, J.
This motion raises a novel question that has its genesis in our complicated tax laws.
Plaintiffs sue on two causes of action, the first by one plaintiff in her capacity as ancillary executrix of a deceased partner for an accounting by the surviving partner and the second in that capacity as widow of the decedent in concert with the surviving children for partition of the partnership real property.
Defendant has interposed an affirmative defense to the action that avers that it would be inequitable to direct partition and sale of the real property because defendant’s tax liability on the sale would be so much more substantial than plaintiffs’ that the net yield on the sale would be 25% less for defendant than plaintiffs. This disparity is principally occasioned by the fact that the deceased partner’s interest in the real property has passed through his estate and, upon the payment of estate taxes, acquired a new tax basis. The surviving partner, on the other hand, still carries a basis on the property of the 1936 acquisition cost less accumulated depreciation.
*1091 At the outset, we note that although the affirmative defense in question is captioned “A Second, Separate and Distinct Defense ”, it obviously relates only to plaintiffs’ second cause of action for partition and thus it is not dismiss able because it fails to state a defense to the cause of action for an accounting.
Plaintiffs have moved to dismiss the defense on the ground that a defense is not stated (CPLR 3211, subd. [b])„ Traditionally, defenses may be either complete or partial. Under the CPLR, there is no requirement that the pleader label his defense as one or the other. The objective is to prevent an adversary’s surprise as to the factual matter relied upon. The instant application attacks a defense that may be either complete or partial. The defendant demands that the court decree a sale of decedent’s interest only, or, alternately, that the proceeds of the sale be so apportioned that each party shall receive a sum sufficient to pay his taxes with respect to the sale plus one half of the balance.
Unquestionably a tenant in common has a right to have real property partitioned (Chew v. Sheldon, 214 N. Y. 344, 348). The right was recognized at common law and is now codified in article 9 of the Real Property Actions and Proceedings Law. The action, ‘ ‘ although statutory, is controlled by equitable principles, nevertheless equitable principles will apply only when they are not in conflict with applicable statutory provisions ” (Yeshiva Univ. v. Edelman, 16 Misc 2d 931, 934-935). On the other hand equitable principles may be applied “ in aid of the provisions of the statute ” (Grody v. Silverman, 222 App. Div. 526, 530).
The net proceeds of a partition sale must be divided among’ the parties whose interests are sold in proportion to their interests (Real Property Actions and Proceedings Daw, § 961). But, ‘ ‘ where it appears that partition cannot be made equal between the parties according to their respective rights without prejudice to the rights or interests of some of them, the final judgment may award compensation to be made by one party to another for equality for partition ” (id., § 943). This section recognizes the possibility of an inequitable result in a forced partition sale and vests discretion in the court to cure the inequity by directing the payment of a sum of money. However, the court does not construe this section or general equitable principles as investing it with discretion to grant relief of the type sought by defendant. The few decisions that have given life to this principle involved claims for the return of a disproportionate investment by one tenant or for the payment of the accrued proportionate balance of the rents and profits of *1092 the property withheld by one tenant from the other. (See Moses v. Moses, 170 App. Div. 211 and Eisner v. Curiel, 20 Misc. 245.) As Pomeroy says “where the land was incapable of exact or fair division, the court had power to compensate for the inequality by awarding what was known as ‘ owelty of partition, ’ being a pecuniary compensation, or a charge upon the land by way of rent, servitude, or easement ” (4 Pomeroy, Equity Jurisprudence [5th ed.], § 1389, p. 1017). The emphasis is on equalizing the division of the land with respect to the interest of each tenant. No provision for a tenant who had special problems in accepting his share as distinguished from fixing his share has ever been made and such provision is not warranted here. Were we to accept defendant’s argument then next the tenant who is in a higher tax bracket than his cotenant or who has fewer deductions this year than he anticipates next year will also seek to avoid partition. If such is to be the law, it is for the Legislature to say, not the courts.