Daniel BEEBOUT, et al., Respondents,

v.

Cleve R. BEEBOUT, et al., Appellants.

No. CX–89–731.

Court of Appeals of Minnesota.

Nov. 7, 1989.

Brian L. White, White Law Office, Wabasso, for respondents.

Frank C. Nielsen, Irons and Kerr, Tracy, for appellants.

Considered and decided by RANDALL, P.J., and FOLEY and FLEMING *, JJ., without oral argument.

## OPINION

WILLIAM J. FLEMING, Judge.

This appeal challenges a district court order directing partition by sale of 320 acres of substantially unimproved farmland. We reverse and remand.

## FACTS

The farmland in question fully occupies two equal quarter sectors, diagonally adjacent to one another. Eleven parties co-own this property. On October 1, 1988, the respondents, together owning a 40% interest, brought suit for a sale of the property and division of the proceeds. The appellants, together owning a 60% interest, sought dismissal of the action or, alternatively, physical division of the land into two portions: one portion for appellants and one portion for respondents.

After an evidentiary hearing, on March 22, 1989, the court determined that partition in kind could not be had without great prejudice to the owners. Based on this finding, the court ordered partition by sale. The court also ordered that respondents' costs, disbursements, and attorney fees should be paid out of the sale proceeds after approval by the court, to be apportioned among the owners. Appellants challenge both orders on appeal.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ISSUES

1. Did the trial court err in ordering partition by sale?

2. Did the trial court err in determining that respondents' costs, disbursements and attorney fees should be paid out of the sale proceeds?

## ANALYSIS

### 1. *Partition*

#### *Review of factual finding*

■ The law favors partition in kind, as opposed to partition by sale, as the former does not force a person to sell his or, her private property. 68 C.J.S. *Partition* § 125 (1950). This favored mode of partition should be ordered so long as it can be had without "great prejudice" to the owners. Minn.Stat. §§ 558.01; 558.14 (1988); *Swogger v. Taylor*, 243 Minn. 458, 468, 68 N.W.2d 376, 384 (1955).

■ Appellants assert that the trial court erred in finding that partition in kind could not be had without great prejudice. In reviewing this issue, the trial court's finding should not be set aside unless the reviewing court is left with a definite and firm conviction that a mistake was made. *City of Minnetonka v. Carlson*, 298 N.W.2d 763, 766 (Minn.1980). The finding should be upheld unless it is "clearly erroneous." Minn.R.Civ.P. 52.01.

■ Generally, partition in kind results in great prejudice to the owners where

   the value of each share if [physical] partition is made will be *materially* less than the share of money equivalent that could probably be had on a sale of the whole * * *.

*Pigeon River Lumber Co. v. McDougall*, 169 Minn. 83, 87, 210 N.W. 850, 852 (1926) (emphasis added). *See* 59A Am.Jur.2d *Partition* § 194 (1987). With this meaning in mind, the court must consider the evidence to determine whether the trial court's finding is justified.

Appellants proposed physical division into two portions: 60% to appellants and 40% to respondents. The evidence showed that in order to achieve such division, at least one of the quarter sectors must be split, since the two quarter sectors are of roughly equal value. Respondents' expert witness was asked,

   As a matter of principle, when you start dividing parcels out of quarter sectors, is the probability increased that the fair market value for those separate tracts are not going to equal the fair market value of a whole quarter?

The expert responded, "I would say definitely."

■ This expert testimony has little value. The testimony does not state whether the difference in fair market value would be *material*. The testimony does not state the degree of probability of devaluation. Finally, the testimony simply states a general rule. This general rule was never applied to the quarter sectors of land at issue. This testimony does not support the court's finding of great prejudice.

■ The only other evidence which might support the trial court's finding relates to the soil quality and crop production of the land. Respondents' expert testified that crop production and soil quality was not uniform throughout each sector. Nothing in the expert's testimony, however, indicates that such circumstances would render physical partition materially detrimental to the parties.

There was some evidence that splitting the sectors eleven ways would result in great prejudice to the owners. Respondents' expert testified that the sum value of the shares would not equal the value of the land as a whole. This testimony, however, did not address appellants' proposal of a 60:40 split.

Therefore, the evidence does not support the trial court's finding that a 60:40 partition in kind would cause great prejudice to the owners. The presumption of partition in kind was not rebutted. Accordingly, we reverse and remand. Referees should be appointed to make a partition on a 60:40 basis. If the referees report that such partition cannot be had without prejudice and, if the trial court is satisfied that the report is correct, the trial court may issue

another order directing sale of the property. Minn.Stat. § 558.14 (1988).

### 2. *Costs, Disbursements, and Attorney Fees*

Next, appellants challenge the trial court's order providing that respondents' costs, disbursements, and attorney fees shall be paid out of the proceeds of the property's sale. This order was issued pursuant to Minn.Stat. § 558.10 (1988), which states in pertinent part:

> The costs, charges, and disbursements of partition shall be paid by the parties respectively entitled to share in the land, and the amounts to be paid by each shall be determined by the court, and specified in the final judgment.

The appellants may not appeal from this order. The appellants' right to appeal partition-related orders and interlocutory judgments is governed by Minn.Stat. § 558.215 (1988), which states:

> Any party to any partition proceedings may appeal from any order or interlocutory judgment made and entered pursuant to section 558.04, 558.07, 558.04, or 558.21, to the court of appeals within 30 days after the making and filing of the order or interlocutory judgment. Any appeal shall be taken as in other civil cases.
>
> All matters determined by any order or interlocutory judgment shall be conclusive and binding upon all parties to the proceedings and shall never be subject to review by the court unless appealed from as provided herein.

The statute does not authorize an appeal from an interlocutory order issued pursuant to section 558.10. Therefore, we will not review this order.

The trial court's order was merely a preliminary determination. If appellants wish to challenge this determination, they should appeal from the final judgment, which has not yet been entered. The taxation of costs must be specified in the final judgment. Minn.Stat. § 558.10. We expect that the trial court will tax only those costs, disbursements, and attorney fees such are allowed under *Kuller v. Kuller,*

260 Minn. 256, 109 N.W.2d 561 (1961) and other applicable case law.

### DECISION

The evidence does not support the trial court's finding that physical division of the property will cause great prejudice to the owner. The trial court erred in ordering partition by sale.

Reversed and remanded.