■ GARY B. TRENTO, Appellant, v SANDRA TRENTO, Respondent. [642 NYS2d 141] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Pursuant to the separation agreement, incorporated but not merged into the parties' judgment of divorce, defendant was entitled to exclusive possession of the marital residence until her death or until both parties agreed to sell it. Because plaintiff was not in actual or constructive possession of the former marital residence, Supreme Court properly dismissed plaintiff's cause of action for partition (see, RPAPL 901 [1]; *Givens v Givens*, 138 AD2d 348, 348-349; *McNally v McNally*, 129 AD2d 686, 687). The court properly dismissed without a hearing plaintiff's cause of action for a reduction in maintenance based on extreme financial hardship (see, Domestic Relations Law § 236 [B] [9] [b]). Plaintiff's vague and unsupported allegations are insufficient to demonstrate that the support provision previously agreed to by the parties

has caused plaintiff extreme financial hardship (*see, Praeger v Praeger*, 162 AD2d 671, 673-674; *Matter of Cohen v Seletsky*, 142 AD2d 111, 118-120).

Defendant was not entitled to an award of attorney's fees under the separation agreement, which provides for attorney's fees only in the event of a default. The terms of the separation agreement, however, do not preclude an award of attorney's fees under Domestic Relations Law § 237 (b) (*see, Fischman v Fischman*, 209 AD2d 916; *Pelkey v Pelkey*, 79 AD2d 835, 836, *lv denied* 53 NY2d 601). Plaintiff cannot avoid paying defendant's attorney's fees under the Domestic Relations Law by characterizing his action as one for declaratory relief where, as here, the complaint seeks to modify the separation agreement by reducing plaintiff's support obligation (*see, Stephenson v Stephenson*, 116 AD2d 504, 505-506). The court erred in awarding attorney's fees to defendant, however, because her fee application was not accompanied by a statement of net worth (*see,* 22 NYCRR 202.16 [k]; *Tacconi v Tacconi*, 197 AD2d 929). We therefore vacate that portion of the order and remit the matter to Supreme Court for further consideration after submission of defendant's statement of net worth. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Maintenance.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.