Bernhard ANDERSON, et
al., Respondents,

v.

Mark ANDERSON, et al., Appellants.

No. CX–96–1414.

Court of Appeals of Minnesota.

March 18, 1997.

Review Dismissed May 28, 1997.

Joseph P. Bluth, Manahan & Bluth Law Office, Mankato, for Respondents.

Michael P. Kircher, Sunde, Olson, Kircher and Zender, St. James, for Appellants.

Considered and decided by NORTON, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

KALITOWSKI, Judge.

This appeal arises from an action for partition of four parcels of farmland. Appellants, Mark Anderson, Marlys Johnson, and Pamela Anderson, challenge the district court's decisions: (1) to award parcels 1 and 2 to respondents Bernhard and Lucille Anderson and parcels 3 and 4 to appellants with owelty to equalize the partition; and (2) not to consider appellants' capital gains tax liability resulting from the award.

## FACTS

Appellants and respondents each have an undivided one-half interest, as tenants in common, in four parcels of farmland as fully described in the district court's June 10, 1995, order. Respondents built a home and a garage on parcels 1 and 2, and their driveway and well are shared with appellants. In the partition action brought by respondents, both parties expressed a preference for parcels 1 and 2, and both parties requested that parcels 1 and 2 not be broken up. Respondents sought a partition in kind of the parcels, and appellants sought a sale at a public auction. However, at the hearing appellants testified they would be satisfied if the court awarded parcels 1 and 2 to one party and parcels 3 and 4 to the other, with owelty to equalize the partition. During the pendency of the partition action, respondents sought and obtained a temporary restraining order prohibiting appellant Mark Anderson or his agents from interfering with respondents' use of their residence.

The district court found that parcels 1 and 2 have a fair market value of $614,000, parcel 3, $183,900, and parcel 4, $78,000. The court found breaking up parcels 1 and 2 would materially reduce the value of the property and cause great prejudice to the parties. The court further found the parties were unable to cooperate with each other and that if appellants were awarded parcels 1 and 2 or purchased parcels 1 and 2 at a public auction, appellants' ownership of parcels 1 and 2 would conflict with respondents' ownership of their residence. The district court therefore ordered an in-kind partition, awarding parcels 1 and 2 to respondents and parcels 3 and 4 to appellants, provided that respondents pay appellants owelty in the amount of $176,050. The district court stated it did not consider the tax consequences to appellants resulting from the award.

## ISSUES

1. Did the district court err in granting an in-kind partition of real estate with owelty to equalize the partition?

2. Did the district court err in making partition without appointing referees?

3. Did the district court err in not considering the capital gains tax consequences resulting from its award?

## ANALYSIS

■ In Minnesota, an action for partition of real estate is statutory and the court is guided by the principles of equity in its decisions. *Swogger v. Taylor,* 243 Minn. 458, 464–65, 68 N.W.2d 376, 382 (1955). On appeal, the district court's findings of fact shall not be set aside unless clearly erroneous. *Beebout v. Beebout,* 447 N.W.2d 465, 467 (Minn.App.1989).

### I.

■ In a partition action, where it can be had without great prejudice to the owners, the law favors partition in kind rather than a sale. Minn.Stat. §§ 558.01, 558.14 (1996); *Swogger,* 243 Minn. at 467, 68 N.W.2d at 384. "Until the contrary appears, the presumption prevails that partition in kind should be made." *Id.* The person requesting a sale has the burden of proving

that partition in kind cannot be made without great prejudice to the owners. *Id.*

■ Further, when a partition cannot be made equal between the owners without prejudice to the rights or interests of some, the court may require compensation to be made (owelty) to equalize partition. Minn. Stat. § 558.11 (1996); *Hoerr v. Hoerr,* 140 Minn. 223, 225, 165 N.W. 472, 473 (1917). The supreme court, however, has stated:

> Owelty should be decreed with caution. It should not be decreed except when necessary to make an equitable and fair division. A sale on partition may offer the preferable method.

*Hoerr,* 140 Minn. at 226, 165 N.W. at 474. Nonetheless, the method of owelty should be used when an equal division cannot be had without great prejudice to the owners and a sale is likewise disadvantageous. 68 C.J.S. *Partition* § 142 (1950).

■ Here, the parties do not dispute the district court's finding that the four parcels of land cannot be divided equally without impairing the value of the property. Further, the evidence in the record supports the district court's finding that a sale would be prejudicial to respondents. Respondents' residence is located on parcels 1 and 2 and ownership of parcels 1 and 2 by appellants would, due to the parties' inability to cooperate with each other, interfere with respondents' use of their residence. In light of these findings, we conclude the district court did not err in determining that partition in kind with owelty is the proper method to effect an equitable and fair division of the property.

## II.

■ Appellants argue the district court erred in making partition without appointing referees. We disagree. "[I]n a proper case," the court shall appoint referees to make partition and set off the shares of the parties as determined by the court. Minn. Stat. § 558.04 (1996). Here, it was not necessary to appoint referees because the property has clearly defined undisputed property lines and both parties agreed that it was not appropriate to break up parcels 1 and 2. In addition, referees were not needed because the determination as to the amount of owelty is for the court, not referees. *Kauffman v. Eckhardt,* 195 Minn. 569, 574, 264 N.W. 781, 782 (1936). Finally, because expert testimony was offered and relied on by the district court in making its findings as to the value of the land, we reject appellants' contention that an additional hearing was needed.

## III.

■ Appellants argue the district court erred in not considering their capital gains tax liability as a result of the partition and owelty. Appellants contend the partition statutes require the court to consider such tax consequences. The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

In arguing tax consequences should be considered in a partition action, appellants cite *Aaron v. Aaron,* 281 N.W.2d 150 (Minn. 1979), a marriage dissolution case. In *Aaron,* the supreme court stated:

> Generally, courts base the distribution of property on the value of the property at the time of distribution and, therefore, are willing to consider only those tax consequences that arise from the distribution itself.

*Id.* at 153.

■ We conclude appellants' reliance on *Aaron* is misplaced. First, the laws and policy governing property distribution in a marriage dissolution are not controlling in a statutory action for the partition of real estate. Second, although appellants seek relief from their immediate tax consequences, when and if respondents or their heirs sell parcels 1 and 2, they will likely face capital gains tax consequences. *See Richmond v. Dofflemyer,* 105 Cal.App.3d 745, 164 Cal. Rptr. 727, 732 (1980) (court refused to consider capital gains tax consequences in a partition action, because "if respondents choose to sell the property awarded to them in the future, they will face capital gains tax consequences at that time"). Third, the purpose of "owelty of partition" is to equalize the division of the land with respect to the inter-

est of each party and not to deal with a party's problems in accepting his share as distinguished from fixing his share. *Rosanoff v. Skura,* 50 Misc.2d 1090, 272 N.Y.S.2d 621, 623 (N.Y.Sup.Ct.1966). As the court in *Skura* stated, if the court considers the tax consequences of one of the parties, then next the party

> who is in a higher tax bracket * * * or who has fewer deductions this year than he anticipates next year will also seek to avoid partition. If such is to be the law, it is for the legislature to say, not the courts.

*Id.*

In a partition action the district court is to be guided by the principles of equity in its decisions. *Swogger,* 243 Minn. at 464–65, 68 N.W.2d at 382. We conclude it was not inequitable and, therefore, not error for the district court not to consider the tax consequences resulting from the partition and owelty.

### DECISION

The district court did not err in not appointing referees or by awarding parcels 1 and 2 to respondents and parcels 3 and 4 to appellants with owelty to equalize the partition. Further, the district court did not err in not considering appellants' tax liability resulting from the partition and owelty.

**Affirmed.**