OPINION OF THE COURT
Eugene E. Peckham, J.
For the third time the separation agreement between plaintiff and her former husband, Zbigniew Janis (hereafter Zbig), is before this court for interpretation and decision. Pursuant to the agreement a divorce was granted in Connecticut, but the agreement involved, in part, a parcel of land in Highmount, Delaware County, New York.
The present action is brought by plaintiff for partition of the real property in New York. Defendant has moved for summary judgment dismissing the complaint and also for costs and sanctions. Plaintiff has cross-moved to add Zbig as a necessary party. The motion to add Zbig as a party is granted.
Summary judgment can only be granted when there are no triable issues of fact. (Phillips v Kantor & Co., 31 NY2d 307 [1972]; Wanger v Zeh, 26 AD2d 729 [3d Dept 1966].)
This court has previously held that insofar as the separation agreement “affects title to or the sale, transfer or disposition of real property located in New York [it] is governed by the law of New York.” (Ferraro v Janis, Sup Ct, Delaware County, Apr. 26, 2005, Peckham, J., index No. 2004-695.) In New York, “[a] separation agreement is a contract subject to the principles of contract construction and interpretation.” (Meccico v Meccico, 76 NY2d 822, 823-824 [1990].) Interpretation of the separation agreement is a matter of law for the court to decide. (Fetner v Fetner, 293 AD2d 645 [2d Dept 2002].)
The portions of the agreement in question read as follows:
“6. That the real estate in Highmo[unt], New York, formerly in the name of the husband, has been conveyed by him to the parties to be owned as joint tenants with rights of survivorship (a copy of deed is annexed hereto). It is intended by the parties that the joint tenancy with rights of survivorship, shall continue after the dissolution of their marriage and shall not be effected thereby.
“7. That the husband shall not convey his interest in the real estate in Highmo[unt], New York, to anyone during his lifetime except that, in the event of his remarriage, he may convey his undivided interest to his wife, provided that all claims against *596 him by the Internal Revenue Service have been settled and withdrawn. The Husband shall be solely responsible for the payment of all taxes, insurance and maintenance for the property. The Husband shall have the exclusive use of the property and the property may be sold or mortgaged at the Husband’s sole discretion. In the event of such sale or mortgage the Wife shall receive one-half of the mortgage proceeds or one-half of the proceeds of the sale, after the usual and customary costs of sale have been deducted from the total proceeds.”
As permitted by the agreement and after paying the IRS, Zbig conveyed his undivided interest in the real property in question to his second wife, Agnieszka, the defendant herein by deed recorded on January 15, 2004 in the Delaware County Clerk’s Office in Book 1050 of Deeds at page 259. Ordinarily when a joint tenant conveys the property to a third party it severs the joint tenancy and creates a tenancy in common. (3 Warren’s Weed, New York Real Property § 27.72 [5th ed].) By statute both joint tenants and tenants in common may bring a partition action. (RPAPL 901.)
However, it is settled law in New York that a partition action may not be maintained against a former spouse with exclusive possession of real property. (Ripp v Ripp, 32 NY2d 755 [1973]; Trento v Trento, 226 AD2d 1104 [4th Dept 1996]; McNally v McNally, 129 AD2d 686 [2d Dept 1987].) The separation agreement provides that Zbig “shall have the exclusive use of the property.” It is clear that if Zbig had retained title to the property partition would not lie because of his right to exclusive use.
The question thus presented is the effect of the transfer of title to real property by a person with exclusive use to a new spouse. The parties have not cited in their briefs any case on exactly this point, nor has the court been able to find one. The case appears to be one of first impression in New York.
It seems that the rights granted to Zbig in the separation agreement are similar to a life estate in real property. The agreement states that the former spouses are joint tenants with rights of survivorship, which shall not be affected by the dissolution of their marriage. Survivorship rights can only take effect upon the death of one party, which implies a life estate.
In addition the agreement provides “[t]hat the husband shall not convey his interest in the real estate in Highmo[unt], New York, to anyone during his lifetime except that, in the event of *597 his remarriage, he may convey his undivided interest to his wife.” The reference to “his lifetime” indicates an intention of the parties that Zbig would have lifetime use of the property.
The holder of a life estate may convey that interest, but only to last as long as the life of the original holder of the life estate, an estate per autre vie. (Green v Horn, 207 NY 489 [1913]; 8 Warren’s Weed, New York Real Property § 86.22 [5th ed].) Just as a life estate may be transferred so too may the exclusive use “during his lifetime” be transferred by Zbig to his new wife, Agnieszka, since this was authorized by the separation agreement. The transfer is accomplished by the grant in the deed of “all the estate and rights of the party of the first part in and to said premises.” (Schwab v Whitmore, Rauber & Vicinus Co., Inc., 245 App Div 174 [4th Dept 1935]; 5 Warren’s Weed § 40.03 [1] [b].) Thus since a partition action may not be maintained against a person with exclusive occupancy, this action may not be maintained against Agnieszka.
Alternatively, the agreement could be construed that Zbig retains exclusive use of the real property during his lifetime, provided he pays the “taxes, insurance and maintenance.” The right to transfer the property to his wife upon remarriage does not terminate Zbig’s exclusive use. So construed his exclusive occupancy still prevents a partition action until his death. (Ripp v Ripp, supra; McNally v McNally, supra.)
It is also the case that partition is an action in equity. In an action in equity the court must consider issues of fairness to the parties. “[T]he right to maintain an action for partition is subject to equitable considerations as between husband and wife and, accordingly, partition may be precluded by the equities presented in a given case.” (Stressler v Stressler, 193 AD2d 728 [2d Dept 1993]; Estate of Marcucilli-Stuart, NYLJ, Apr. 30, 2008, at 29, col 3 [Sur Ct, Nassau County]; Rosanoff v Skura, 50 Misc 2d 1090 [Sup Ct, Westchester County 1966].)
The property in dispute is the residence of Zbig and Agnieszka. (Quesada affirmation, Oct. 31, 2007, exhibit J, at 3.) As discussed above, the separation agreement between plaintiff and Zbig contemplated that Zbig would have lifetime use and occupancy of the property, provided he paid all taxes, insurance and maintenance of the property. The agreement also explicitly permitted him upon remarriage to convey his “undivided interest to his wife.” It would not be fair to oust him and his wife from this property by a partition sale or division of the property, when he has only done what the separation agreement permits in transferring the property to his new wife.
*598 Plaintiff argues based upon Sherman v Sherman (168 AD2d 550 [2d Dept 1990]) that the right to exclusive possession must be limited to a reasonable time. At the time the separation agreement was signed Zbig was 66 years old. He is now 76 (Quesada affirmation, Oct. 31, 2007, exhibits A, C). There are numerous cases that hold that exclusive possession for life is not unreasonable in appropriate situations. (McNally v McNally; supra; Trento v Trento, supra; Givens v Givens, 138 AD2d 348 [2d Dept 1988]; Adams v Holt, 141 AD2d 481 [2d Dept 1988].) At the age of Zbig it was not unreasonable for the parties to agree that he could have exclusive use of the property for life.
Inasmuch as the issue presented appears to be one of first impression the complaint is not frivolous and the court sees no reason to award costs or sanctions to either party.
The motion for summary judgment is granted. The complaint in the pending partition action is dismissed.
The court is not ruling at this time upon the right of plaintiff to bring a new partition action upon the death of Zbig. At that time the right to exclusive use of the premises will expire, just as an estate per autre vie would expire. Nor is it necessary to determine at this time whether, after the death of Zbig, plaintiff would be entitled to all the property as a surviving joint tenant or only one half because transfer to Agnieszka created a tenancy in common.