# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1242**
**CA 15-00639**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

MARCELLA HAROLD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SYLVESTER HAROLD, DEFENDANT-RESPONDENT.

---

KUSTELL LAW GROUP, LLP, BUFFALO (CARL B. KUSTELL OF COUNSEL), FOR PLAINTIFF-APPELLANT.

JOHN P. PIERI, BUFFALO, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 30, 2014. The order, inter alia, denied that part of plaintiff's motion seeking equitable distribution of defendant's severance benefits.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: By amended order to show cause and supporting affidavit, plaintiff wife moved for, inter alia, equitable distribution of severance benefits received by defendant husband after the entry of a judgment of divorce, and defendant cross-moved to modify the maintenance provisions of the judgment of divorce. Insofar as relevant to this appeal, Supreme Court denied that part of plaintiff's motion concerning severance benefits, granted defendant's cross motion, and ordered a hearing on the issue of maintenance.

Contrary to plaintiff's contention, the court did not abuse its discretion in denying that part of her motion seeking equitable distribution of defendant's severance benefits. The record establishes that, in March 2013, and approximately one year after the entry of the judgment of divorce, defendant lost his job and received a severance payment from his employer. Defendant subsequently used the entire severance payment to pay his own living expenses and to pay maintenance to plaintiff through December 2013. We conclude that the severance payments are defendant's separate property inasmuch as his "right to receive those payments did not exist either during the marriage or prior to the commencement of this action, nor did the severance payments constitute compensation for past services" (*Bink v Bink*, 55 AD3d 1244, 1245). In any event, even assuming, arguendo, that the severance payment was marital property, the court's determination was not an abuse of discretion inasmuch as plaintiff had already benefitted from the severance payment in the form of

maintenance (*see generally* Domestic Relations Law § 236 [B] [5] [c]; *Arvantides v Arvantides*, 64 NY2d 1033, 1034).  We reject plaintiff's further contention that the court erred in denying her request for attorneys' fees she incurred in seeking equitable distribution of the severance payment.  "The evaluation of what constitutes reasonable [attorneys'] fees is a matter within the sound discretion of the trial court" (*Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1296, *lv denied* 19 NY3d 810 [internal quotation marks omitted]) and, given our determination concerning the severance payment, we perceive no abuse of the court's discretion here.

Plaintiff also contends that the court should have denied defendant's cross motion to modify maintenance.  We reject that contention.  Although defendant failed to include a sworn statement of net worth with his cross-moving papers as required by 22 NYCRR 202.16 (k) (2), we conclude that the court did not abuse its discretion in granting defendant's cross motion and ordering a hearing on the issue of maintenance inasmuch as the court would have the opportunity to consider the parties' relative financial circumstances at the hearing (*see generally People v Simmons*, 26 AD3d 883, 884; *Trento v Trento*, 226 AD2d 1104, 1105).  Contrary to plaintiff's further contention, the court's order did not retroactively modify defendant's maintenance obligation.

In light of our determinations with respect to the above contentions, we do not address plaintiff's remaining contention concerning damages.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court