*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0727**

John W. Conzemius, et al.,
Respondents,

vs.

David J. Finnegan, et al.,
Appellants.

**Filed January 25, 2016
Affirmed
Klaphake, Judge**[*]

Dakota County District Court
File No. 19-CX-04-007561

Steven J. Weintraut, Siegel, Brill, P.A., Minneapolis, Minnesota (for respondents)

Dennis B. Johnson, Jeffrey D. Bores, Gary K. Luloff, Chestnut Cambronne PA, Minneapolis, Minnesota (for appellants)

Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and Klaphake, Judge.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

This appeal arises from the partition of two parcels of land. Appellants David and Karen Finnegan and the David J. Finnegan 2012 Irrevocable Trust challenge the district

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

court's partition order awarding them parcel A, awarding respondents John and Joan Conzemius and Farmer John L.P. parcel B, and ordering respondents to pay appellants owelty to equalize the partition. We affirm.

## D E C I S I O N

The district court is obligated to follow the statutory partition procedure, but within that framework, the district court

> may exercise its general equitable powers and resort to the most advantageous plans which the nature of the particular case admits in effecting, without great prejudice to any of the owners, a partition of one or more tracts, whether such partition be accomplished by a division in kind, by sale, or by any practical combination of both methods.

*Swogger v. Taylor*, 243 Minn. 458, 466-67, 68 N.W.2d 376, 383 (1955). We review the district court's exercise of its equitable powers for an abuse of discretion. *Nadeau v. Cty. of Ramsey*, 277 N.W.2d 520, 524 (Minn. 1979). But we review the district court's findings of fact for clear error. *Anderson v. Anderson*, 560 N.W.2d 729, 730 (Minn. App. 1997).

John and Joan Conzemius (the Conzemiuses) purchased farmland near Hastings in 1971. The property consists of two 160 acre sections that intersect at the northwest corner of the lower section and the southeast corner of the upper section. The upper section is divided into two parcels—A and B, referred to collectively as section 3—of approximately equal size. The lower section is referred to as parcel C (or section 10).

2

Shortly after purchasing the property, the Conzemiuses sold an undivided two-thirds interest to John Conzemius's sister,[1] who then sold the interest to respondent David Finnegan.[2] Prior to Finnegan's purchase, the Conzemiuses paid for and installed a well on section three, a well on section ten, and irrigation equipment on both sections. The parties agree that the Conzemiuses own the irrigation equipment. The district court determined that both parties own the wells according to their interests in the land.

The Conzemiuses sued for partition, asking the district court to award them the northwest 43.31 acres of section 3 (parcels A and B) and the northeast 50.838 acres of section 10 (parcel C). Under this plan, the Conzemiuses would receive the two wells on the property and all irrigation equipment. Finnegan asked the court to sell the property at auction. At trial, the parties stipulated to a value of $21,000 per acre for parcel A and $14,000 per acre for parcel B.

The district court found that partitioning parcel C in the manner proposed by the Conzemiuses would cause Finnegan great prejudice. The in-kind partition would leave Finnegan without a well or irrigation equipment on his land. The district court also found that "farmland is currently at a record high value" and "the best use of [parcel C] is to sell it." The district court ordered parcel C sold at auction.[3]

---

[1] The Conzemiuses subsequently conveyed three-fourths of their interest in the property to Farmer John LP, which they own together with their children and grandchildren. For convenience, this opinion refers to the Conzemiuses as the owners of the property interest.
[2] David Finnegan subsequently transferred his interest to Karen Finnegan and the David J. Finnegan 2012 Irrevocable Trust. For convenience, this opinion refers to David Finnegan (Finnegan) as the owner of the property interest.
[3] On appeal, neither party challenges the disposition of parcel C.

After the auction, the district court addressed parcels A and B. The district court again was concerned that the partition plan proposed by the Conzemiuses would leave Finnegan without a feasible and cost-effective irrigation method. But, unlike parcel C, the district court believed that a sale would not be advantageous for the parties because of the future development value of parcels A and B. The district court devised a new partition plan. Under the district court's plan, Finnegan received the entirety of the more valuable parcel A and the Conzemiuses received the entirety of parcel B. Finnegan also received the well on parcel A and the irrigation equipment.

Using the values the parties stipulated to at trial, the court determined that this partition plan would leave Finnegan $186,014 short of his two-third interest in parcels A and B. The court offset the $103,900 value of the irrigation equipment from this amount and awarded Finnegan an $82,114 owelty to equalize the partition.[4]

Finnegan first argues that by creating an easement for irrigation purposes the district court's order causes him great prejudice by forcing him to continue to cooperate with the Conzemiuses. Finnegan claims that the district court's order is contradictory because it finds that the parties have a poor relationship but forces them to work together anyway. Finnegan maintains that the only way to accurately value parcels A and B and appropriately compensate the parties is to sell the parcels at auction.

---

[4] "Owelty" is "[e]quality as achieved by a compensatory sum of money given after an exchange of parcels of land having different values or after an unequal partition of real property." *Black's Law Dictionary* 1214 (9th ed. 2009).

4

Minn. Stat. § 558.01 (2014) provides that when two or more persons own undivided interests in real property an action may be brought to partition the property "according to the respective rights and interests of the parties interested therein, or for a sale of such property, or a part thereof, if it appears that a partition cannot be had without great prejudice to the owners." "Generally, partition in kind results in great prejudice to the owners where the value of each share if [physical] partition is made will be *materially* less than the share of money equivalent that could probably be had on a sale of the whole." *Beebout v. Beebout*, 447 N.W.2d 465, 467 (Minn. App. 1989) (quotation omitted). "The law favors partition in kind, as opposed to partition by sale, as the former does not force a person to sell his or her private property." *Id.* "The person requesting a sale has the burden of proving that partition in kind cannot be made without great prejudice to the owners." *Anderson*, 560 N.W.2d at 730-31. The district court's finding on the issue of great prejudice is a finding of fact that "should be upheld unless it is clearly erroneous." *Beebout*, 447 N.W.2d at 467 (quotation omitted).

The district court specifically found that while the easement and the overall post-partition irrigation plan may be an "irritation" to Finnegan they do not cause him "great prejudice." Under the district court's plan, Finnegan owns all the irrigation equipment on parcel A and has an easement to use the few portions of the irrigation equipment on parcel B. The Conzemiuses agreed to allow Finnegan to use the equipment on parcel B and enter parcel B to make any necessary repairs to the equipment. The Conzemiuses also agreed to build their own irrigation system on parcel B. The cooperation required between the parties is minimal. This is especially true because Finnegan does not personally farm the property

5

but rents it to a third party. Finnegan therefore will not have to deal directly with the Conzemiuses on any irrigation issues.

Finnegan has presented no evidence that the easement or the general irrigation plan envisioned by the district court will in any way impair the value of parcel A. Using the stipulated values of parcels A and B and including the owelty payment ordered by the district court,[5] Finnegan was fully compensated for his two-thirds interest in the parcels. Accordingly, the district court's finding that Finnegan did not suffer great prejudice as a result of the partition is not clearly erroneous.

Finnegan next argues that it was an abuse of discretion for the district court to order owelty because owelty is generally discouraged by the law and by using the stipulated values of parcels A and B the district court may have "misstated the proper amount of compensation." Finnegan again claims that the parcels should be sold.

Minn. Stat. § 558.11 (2014) provides that "[w]hen it appears that partition cannot be made equal between the parties without prejudice to the rights or interests of some, the court may adjudge compensation to be made by one to another for equality of partition." But "[o]welty should be decreed with caution." *Hoerr v. Hoerr*, 140 Minn. 223, 226, 165 N.W. 472, 474 (1917), *aff'd*, 140 Minn. 233, 167 N.W.2d 735 (1918). Owelty "should not be decreed except when necessary to make an equitable and fair division," and "[a] sale on partition may offer the preferable method." *Id.* "Nonetheless, the method of owelty should

---

[5] Despite indications to the contrary in his brief, Finnegan's attorney insisted at oral argument that Finnegan is not seeking to withdraw the parties' stipulation to the values of parcels A and B.

6

be used when an equal division cannot be had without great prejudice to the owners and a sale is likewise disadvantageous." *Anderson*, 560 N.W.2d at 731.

Because of the unequal value of parcels A and B, the unequal interests of the parties, the presence of only one well on the two parcels, and the Conzemiuses' ownership of the irrigation equipment, any partition in kind strictly in line with the party's interests would make it very difficult for Finnegan to irrigate his property. Under the Conzemiuses' partition plan for example, Finnegan could only irrigate his property by spending a large sum of money for new irrigation equipment and either buying water from the Conzemiuses or spending additional funds to install a well. The district court was also concerned that splitting parcels A and/or B into smaller parcels, as proposed by the Conzemiuses' partition plan and necessitated by any strict partition of the property, would have reduced its attractiveness to potential developers and made it difficult for either party to sell their property for development without the cooperation of the other party. As the district court found, a strict in-kind partition according to the parties' interests would have caused great prejudice to the parties.

A sale of parcels A and B was also disadvantageous. Finnegan argues that the district court found that the best use of parcels A and B was to be sold and then ignored its own finding. He is mistaken. The district court determined that because of the strong market for farmland the best use of parcel C was to be sold. But the district court found that both parcels A and B have significant development potential. This finding was supported by the testimony of an appraiser, the testimony of the Hastings Community Development Director, and a tentative agreement the parties had in 2005 to sell the parcels

7

to a developer for $120,000 per acre. The district court found that a sale of the property would have resulted in at least one of the parties losing the opportunity to benefit from the property's potential increase in value in the coming years. The district court also found that the property is an important part of the Conzemiuses' family farm. Sale of parcels A and B was disadvantageous because it would have prevented the parties from profiting on the properties' rise in value, and it would have prevented the Conzemiuses from farming any portion of parcels A, B, or C.

The district court's partition allows Finnegan to easily irrigate his property. By keeping both parcels intact, the district court also partitioned the property in a way that preserves the property's development potential and allows Finnegan to sell his property to a developer without cooperation from the Conzemiuses. In addition, the partition allows parcel B to remain part of the Conzemiuses' family farm.

Finally, Finnegan argues that the district court erred in determining the amount of owelty. But the parties stipulated to the values of parcels A and B and the district court properly used those values to determine the owelty payment. Combined with parcel A, the owelty payment fully compensates Finnegan for his two-thirds interest in parcels A and B. We conclude that it was not an abuse of discretion for the district court to order partition in kind and equalize the partition by requiring the Conzemiuses to pay owelty.

**Affirmed.**